William Schmalz et al., Respondents, v. Sarah F. Mead, Impleaded, etc., Appellant.

Gilbert Wood et al., Respondents, v. Sarah F. Mead et al., Appellants..

Under the Mechanics' Lien Law of 1885 (Chap. 342, Laws of 1885), which provides (§ 1) that any person performing labor or furnishing materials in erecting, altering or repairing any house "with the consent of the owner" as therein defined, may, upon filing notice, have a lien, and that (§ 5) where the owner of the premises "has made an agreement to sell and convey to the contractor or other person, such owner shall be deemed to be the owner" until the deed has been delivered and recorded, where an owner has contracted to sell and to advance moneys to enable the purchaser to build, which the latter agrees to do, the title of the land not to pass until the completion of the building; the purchaser agreeing to give a mortgage on the land for the purchase-price and the moneys advanced, it is not necessary to sustain a lien for work or materials used in the buildings to show an express consent of the owner; the contract itself and the fact that the work was prosecuted under it with his knowledge, authorize a finding of consent.

The lein of a mechanic or material man in such case is not limited to so much of the sum the owner agreed to advance which had not been advanced at the time of filing notice of lien; but is for the whole of the unpaid indebtedness to the lienor.

Where such a contract was made for the benefit of the owner of the premises, a married woman, by her husband in his own name, but was soon after its execution assigned to her, and she made the advances of money as stipulated, held, that a mechanics' lien could be acquired under the act as against her.

(Argued December 8, 1890; decided January 13, 1891.)

Appeal, by defendant Sarah F. Mead, from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made April 1, 1889, which affirmed a judgment in favor of plaintiffs entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

F. E. Dana for appellant. The plaintiffs and other lienors are not injured by the contract between Kuhn and Mead.

(Laws of 1885, chap. 342, § 3.)   The rule excluding parol evidence to contradict or vary the terms of a written instrument, cannot be evoked in favor of one not a party or privy to the instrument.   (*Coleman* v. *F. N. Bank*, 53 N. Y. 388; *McMaster* v. *Ins. Co. of N. A.*, 55 id. 222; *Dempsey* v. *Kipp*, 61 id. 462; *Brown* v. *Thinker*, 77 id. 613; *Sprague* v. *Hosmer*, 82 id. 466.)   The notice of lien filed by plaintiff Schmalz and by defendant Witt were ineffectual for any purpose. (Laws of 1885, chap. 342.)

*Bartlett, Wilson & Hayden* for respondent Schmalz.   The consent of the defendant, Sarah F. Mead, to the performance of the work and furnishing the material, for which the liens were filed, was clearly shown by the evidence, and was found by the court.   The lienors are directly within the language of section 1 of the act as well as the decisions.   (*Hackett* v. *Badeau*, 63 N. Y. 476; *Husted* v. *Mathes*, 77 id. 388; *Nellis* v. *Bellinger*, 6 Hun, 560; *Otis* v. *Dodd*, 90 N. Y. 336; Laws of 1885, chap. 342; *Wheeler* v. *Scofield*, 6 Hun, 655; 67 N. Y. 311.)   The lien attaches to the interest of the vendor as owner.   (Laws of 1885, chap. 5; Laws of 1862, chap. 478, § 1; *Nellis* v. *Bellinger*, 6 Hun, 500; *Hammond* v. *Shepard*, 50 id. 318.)   The recovery of the lienors is not limited by the amount of advances provided for in the contract to sell.   That contract indicates the owner's consent. But the sub-contractors recover the value of the work and material at the price agreed for with Kuhn, as against the land. (*Hackett* v. *Badeau*, 63 N. Y. 477; *Riley* v. *Watson*, 3 Hun, 568.)   The liens comply substantially with the act.   (*Pratt* v. *Stevens*, 94 N. Y. 387; *Kenney* v. *Apgar*, 93 id. 539.) Plaintiffs are not prevented by the defendant Mead's receipt from filing the lien.   (*Manchester* v. *Braender*, 107 N. Y. 349.)

*William E. Stewart* for respondent Abbott.   The respondent, Jane E. Abbott, claims, under the Mechanics' Lien Act of 1885, to be entitled to a personal judgment against the estate of George Kuhn, deceased, and a lien upon the premises.

described in the complaint and judgment herein for the value ($185.30) of the material sold and delivered to Kuhn, and by him used in the erection and completion of said premises. (Laws of 1885, chap. 342.) Within the provisions of the act of 1885, the relation of owner and contractor did not exist between any of the parties to this action. (*Rollin* v. *Cross*, 45 N. Y. 766; *Burkit* v. *Harper*, 79 id. 273; *Otis* v. *Dodd*, 90 id. 336; *Gates* v. *Whitcombe*, 4 Hun, 137.) The present act makes the legal owner the owner until the deed has actually been delivered and recorded. (*Nellis* v. *Bellinger*, 6 Hun, 560; *Husted* v. *Mathes*, 77 N. Y. 388; *Rice* v. *Watson*, 3 Hun, 569; *Hackett* v. *Badeau*, 63 N. Y. 476; *Miller* v. *Mead*, 3 N. Y. Supp. 748.) The referee upon the trial had power to allow amendments to the summons or the pleadings. The amendment did not change the cause of action in any way. (Code Civ. Pro. §§ 723, 1018; *Reeder* v. *Sayre*, 70 N. Y. 180; *Harris* v. *Tumbridge*, 83 id. 92; *Price* v. *Brown*, 98 id. 388.) During the progress of the trial, among other papers, the answer of the defendant, Sarah F. Mead, in the *Wood* case, was offered in evidence on behalf of defendant Abbott. This was proper. (Code Civ. Pro. § 191; *Cook* v. *Baar*, 44 N. Y. 156; *Mott* v. *C. S. Co.*, 73 id. 543; *Strong* v. *Dwight*, 11 Abb. Pr. [N. S.] 319; *Fogg* v. *Edwards*, 20 Hun, 90.)

O'Brien, J. These actions were brought to foreclose a mechanic's lien, and were consolidated by order of the court. The plaintiff and other parties, who were made defendants, were adjudged to be entitled to liens upon certain real estate situated in the city of New York, of which Sarah F. Mead, the defendant, was the owner. On the 7th of November, 1885, the defendant's husband, George W. Mead, as her agent, entered into a written contract with one Kuhn for the sale to him of the real estate described in the complaint. In this contract it was agreed that Kuhn should build certain houses on these lots, and that Mead, from time to time, when the buildings were at certain points of completion, would advance

money. The title of the land was not to pass to Kuhn until the completion of the buildings, and then he was to execute to the vendor a mortgage, including the completed buildings, to secure the moneys thus advanced and the purchase-price.

This contract, though made for the benefit of the owner by her husband, ran in form to him, but was, soon after its execution, assigned to the defendant, and she made all the advances of money as therein stipulated. Kuhn entered upon the performance of this contract, and the buildings were well advanced towards completion when he died, and his contract was not performed.

The parties who claim liens performed labor or furnished materials in the erection of the buildings specified in the contract under agreement with Kuhn. The only question involved in this appeal is whether a mechanic's lien could be acquired, as against the owner, under these circumstances.

Under the statute which formerly regulated mechanic's liens in the city of New York, it is no doubt true that parties, situated as the respondents in this case are, could not have acquired any lien, as it was then necessary to show that the labor was performed or the materials furnished by the party claiming a lien under, or by virtue of, some agreement or contract between him and the owner of the land, and hence the numerous cases decided under the statute, as it then stood, have no application to this case. (*Loonie* v. *Hogan*, 9 N. Y. 435.)

These statutes were changed from time to time by the legislature in order to meet defects and hardships in their application, which actual practice and experience had disclosed. The whole subject is now substantially regulated by chapter 342 of the Laws of 1885, and it is under this statute that the lien in this case is asserted, and must be upheld, if at all.

The first section of that act provides that "Any person * * * who shall hereafter perform any labor or service, or furnish materials which have been used, or which are to be used, in the erecting, altering, or repairing any house * * * with the consent of the owner as hereinafter defined, or his agent * * * may have a lien" to the extent of the

interest of the owner. "* * * In case there is no contract then the amount of the value of such labor or material then remaining unpaid."

The fifth section of the act contains the following provisions : " In cases in which the owner has made an agreement to sell or convey to the contractor or other person, such owner shall be deemed to be the owner, within the intent and meaning of this act, until the deed has been actually delivered and recorded."

We think that the language of the statute meets and answers all the objections which the owner makes to the judgment in this case, declaring that the respondents are entitled to a lien upon the property for the labor performed and the materials furnished in the erection of the buildings by them. These objections are substantially that no lien could attach to the lands without the express consent of the owner, Mrs. Mead ; that the only interest upon which a lien could attach was that of the vendee and contractor Kuhn ; that in any event the liability of the owner and the property must be limited to such payments or advances as she was to make under the contract, and these advances having been fully made in accordance with the terms of the contract the owner and her property are discharged.

As the title to the property never passed from Mrs. Mead to Kuhn, she is to be deemed the owner for all purposes contemplated by the statute in regard to the protection of mechanics, laborers and others whose claims for labor and materials remained unpaid by the party who employed them.

It is only necessary to inquire whether, in this case the work was performed and materials furnished " with the consent of the owner," within the scope and meaning of the statute. The referee has found, as matter of fact, that the consent was given. This finding was based upon the terms of the contract, and the circumstances of the transaction, and not upon proof of any express consent on her part. The contract with Kuhn, though made by her husband, and in his name, was her act. It was made for her by her authorized agent, and she took an

assignment of it within a short time after its execution. She, herself, advanced all the money on it, and she stipulated for the execution of mortgages to her upon the property when the buildings were completed to secure the moneys advanced, besides a considerable sum in addition. She knew that the buildings were being erected, that labor was employed and materials furnished for that purpose. The contract itself contemplated and provided for all this, and the uncompleted buildings became a part of the realty. She made a contract which required the erection of buildings on her land. She was to furnish the money for that purpose. The performance of the contract involved the employment of labor and the purchase of materials. We think it quite clear that the labor performed and the materials furnished in the erection of these buildings was with the consent of the owner, and that the finding of the referee was warranted by the proofs. This court has so construed local statutes relating to mechanics' liens containing substantially the same provisions as this act of 1885. (*Hackett* v. *Badeau*, 63 N. Y. 476; *Husted* v. *Mathes*, 77 id. 388; *Nellis* v. *Bellinger*, 6 Hun, 560; *Otis* v. *Dodd*, 90 N. Y. 336.) The contention in behalf of the owner that the claims of mechanics and material men must, in any event, be limited to such sums as she was bound to advance upon the contract, and had not advanced, is equally untenable. It was the design and purpose of the statute to charge the land with debts contracted in improving it by the erection of buildings thereon in case the owner consented or permitted the work to be done, although under an agreement made with the vendee under an executory contract. In case the agreement of sale should be surrendered or forfeited, the value of the owner's interest would be enhanced by the accessions to the land; and it would be manifestly unjust to permit the owner to enjoy those benefits without liability for any part of the labor or material which produced them. (*Rollin* v. *Cross*, 45 N. Y. 766; *Burkitt* v. *Harper*, 79 id. 273; *Otis* v. *Dodd*, 90 id. 336.)

The notices of lien described George W. Mead and Kuhn as owners. But the statute provides that a mistake in the name

of the owner shall not defeat the lien. The other objections made to the form of the notice were correctly disposed of in the courts below. No substantial question is raised by the exceptions taken at the trial.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.