Charles A. Cowen et al., Appellants, *v.* Margaret Paddock, Impleaded, etc., Respondent.

While the consent required by the Mechanics' Lien Law (§ 1, chap. 342, Laws of 1885), in order to make an owner liable for work done or materials furnished in the improvement of his premises, need not be expressly given, but may be implied from the conduct and attitude of the owner with respect to such improvements, the facts from which the inference of a consent may be drawn must be such as to indicate at least a willingness on his part to have the improvements made, or an acquiescence in the means adopted for that purpose. with knowledge of the object for which they are employed.

Defendant .P. contracted to sell a vacant lot in the city of New York to defendant W.; $5,000 of the consideration was to be paid down and $15,000 in two months thereafter, upon payment of which W. was entitled to a deed and to possession. W went upon the lot, without permission from P., before making any payment, and began excavating for the foundation walls of a building P., on discovering this, objected

and insisted that the work must stop until, by performance, W was entitled to possession, on payment of the $5,000, P consented that the excavation might be finished, but declined absolutely to permit any further work to be done until payment of the $15,000. W , however, commenced the work of erecting the building, but made default and forfeited his contract. In an action to foreclose mechanics' liens for work done and materials furnished in erecting the building, *held*, that the facts did not justify an inference of consent on the part of P., and, so, the complaint was properly dismissed; that while P. might have lawfully ejected W as an intruder, her failure so to do did not make her liable; that her repudiation of his action in all reasonable ways and refusal to recognize his right to .continue the work was sufficient.

(Argued January 24, 1893; decided February 7, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 31, 1891, which affirmed a judgment in favor of defendant entered upon the report of a referee.

This action was brought to foreclose mechanics' liens filed by the plaintiffs upon certain premises in the city of New York owned by the defendant Margaret Paddock, for labor done, and materials furnished the defendant Allen H. Wood, who it appeared had held a contract from defendant Paddock for the purchase of said premises. The contract was executed February 18, 1889. By it Wood was to pay $5,000 down, $15,000 on April sixteenth, at which time and upon such payment Mrs. Paddock was to execute a deed and deliver possession

The further material facts are stated in the opinion.

*Henry G. Atwater* for appellants. The plaintiffs established the right to liens if they showed they were permitted by the owner to build on the land. (*Nellis* v. *Bellinger*, 6 Hun, 560; *Husted* v *Mathes*, 77 N. Y. 388; *Otis* v. *Dodd*, 90 id. 366; *Burkitt* v. *Harper*, 79 id. 273; *Cornell* v. *Barney*, 26 Hun, 134; *Schmalz* v. *Mead*, 125 N. Y. 188; *Miller* v. *Mead*, 127 id. 544 ) The evidence showed the consent of the defendant Paddock to the furnishing of the work and materials upon the lot owned by her as the word " consent " is used in the

Mechanic's Lien Act. (Laws 1885, chap. 342, § 1 ; *Schmalz* v. *Mead*, 125 N. Y. 188 ; *Miller* v. *Mead*, 127 id. 544.) The case must be considered as upon a nonsuit. (*Place* v. *Hayward*, 117 N. Y. 487.)

*Charles Edward Souther* for respondent. The appeal should be dismissed. (*Wood* v. *Lary*, 124 N. Y. 83, 87 ; *Travis* v. *Travis*, 122 id. 449, 454.) Even if the judgment could be reviewed here it must be treated as one upon the merits, and wherein error has not been pointed out by any exception. (*C. Bank* v. *G., etc., Church*, 127 N. Y. 361.) Were the judgment less conclusive the court would not, to reverse it, consider facts not found by the referee, and as to which no finding was requested. (*Burnap* v. *N. Bank*, 96 N. Y. 125, 131 ; *Place* v. *Hayward*, 117 id. 487 ; *Marion County* v. *Clark*, 4 Otto, 278 ; *B. R. Ins. Co.* v. *N. Y. T. & L. Co.*, 73 N. Y. 282, 291.)

*Per Curiam.* The plaintiffs brought this action to foreclose three several mechanics' liens upon premises owned by the defendant, respondent, at the corner of 124th street and 7th avenue in New York city. The notice of lien of the plaintiff Cowen, specified labor done and materials consisting of cement, broken stone, building stone, brick, blue stone and granite furnished in the erection and construction of the concrete bases, foundations, foundation walls, vaults and stone plates of the New West End Theater building ; that of the plaintiffs Post and McCord ; iron beams, tie rods and anchors for the vaults ; and that of the plaintiff, Griebel, the preparation of the plans, drawings and specifications for the entire building, and for extra work and services as an architect. The total of the three claims is $14,454. No privity of contract between the plaintiffs and the respondent is shown or claimed. It is sought to charge her property with this liability, solely on the ground that the work was done and the materials furnished with her consent. Each of the notices of lien states that the work was done and the materials furnished

for the defendant, Allen H. Wood, and that he held a contract
for the purchase of the premises from the respondent. They
all aver that he entered into and took possession thereof and
built thereon with her consent.

The cause was tried before a referee and when the plaintiffs
announced that they had introduced all the evidence they
intended to offer upon this branch of the case, the respondent
moved that the complaint be dismissed as to her, for the
reason that it did not establish such a consent on her part to
the performance of the work and the furnishing of the
materials as would render her or her property liable therefor
under the Mechanics' Lien Law, which motion was granted and
the plaintiffs excepted. No findings of fact were made by
the referee or proposed by either party. The referee filed a
report consisting of a recital of the proceedings before him
with his conclusions of law, which were that the plaintiffs had
failed to prove or establish either of the causes of action set
forth in the complaint, and that the motion of the respondent to
dismiss the complaint should be and was granted, and that she
was entitled to judgment dismissing the complaint with costs,
which was thereupon entered, and from an order of the
General Term affirming the same this appeal has been
taken.

In this condition of the record the dismissal of the com-
plaint must be deemed equivalent to a nonsuit, and to main-
tain the judgment, the respondent must show that a finding
by the referee that the work was done and the materials were
furnished with her consent, would have been so destitute of
sufficient evidence to support it that it would as matter of
law have been error. (*Place* v. *Hayward*, 117 N. Y. 487.)
There is no material conflict in the testimony, and it was
of such a character that we think a finding that the improve-
ments set forth in the complaint were made with the consent
of the respondent would have had no competent proof to
sustain it.

It is admitted that all the work was done and materials
furnished under contracts made between the plaintiffs and the

defendant Wood, and that the plaintiffs did not know the respondent or her agents in these transactions, and did not have any communications or dealings with her or them upon the subject. If she is to be held liable, it must be upon the ground that she in some manner assented to or acquiesced in what Wood did or caused to be done upon the premises. But the proof is all one way, that when she discovered he was at work upon the lot, she objected and insisted that the work must stop until he had performed the contract of purchase on his part, and had become entitled to a deed of the property and to its possession. Her agreement with Wood gave him no right to the possession, until he had paid $20,000; $5,000 down and $15,000 at the expiration of two months from the date of the contract, when a deed was to be given, and a mortgage executed for the balance of the consideration. Until these things were done Wood had no ownership or control of the property, and no authority to create a charge thereon by the employment of labor or the purchase of materials for its improvement, except to the extent of his interest as vendee. It is obvious that the respondent and her attorneys understood that if she consented to the performance of any work or the furnishing of materials for the erection of buildings on the lot, before the execution of the deed to Wood, and of his mortgage to her, the parties making the improvements might acquire a lien which would be superior to her title, and to any mortgage which she might subsequently take from him under his contract. She manifestly intended to prevent the occurrence of such a result. The premises consisted principally of a vacant lot, and when Wood went upon it some two weeks after the contract was executed, and before the first payment of $5,000 had been made, and commenced the work of excavation for the foundation walls of the building, it does not appear that he had any permission from the respondent to do so, but on the contrary it is shown, that when she discovered he was there and had begun the excavation for the foundation of the building she forbade the continuance of the work. Subse-

quently the $5,000 payment was made, and there is some evidence that she then consented that he might finish the excavation; but the proof is very clear that she declined in the most emphatic terms to permit him to go any further, until the $15,000 payment had been made as agreed. The plaintiffs' claims are not for excavating, but for work done and materials furnished after May 1st, and long after Wood was in default, and his contract had become forfeited.

While it is doubtless true, that the consent required by the lien law need not be expressly given, but may be implied from the conduct and attitude of the owner with respect to the improvements, which are in process of construction upon his premises; still the facts from which the inference of a consent is to be drawn, must be such as to indicate at least a willingness on the part of the owner to have the improvements made, or an acquiescence in the means adopted for that purpose, with knowledge of the object for which they are employed, (*Schmalz* v. *Mead,* 125 N. Y. 188; *Miller* v. *Mead,* 127 id. 544; *Otis* v. *Dodd,* 90 id. 338; *Burkitt* v. *Harper,* 79 id. 273; *Husted* v. *Mathes,* 77 id. 388; *Neilis* v. *Bellinger,* 6 Hun, 561.) No element of consent of this kind can be found in the present case. The respondent was not willing to have any thing done upon the lot, until the purchaser had performed the contract and obtained the title, and she never by any act or omission to act, acquiesced in his assumption of authority over the property. On the contrary she protested vigorously and repeatedly against his unauthorized and unlawful entry upon and occupation of the premises. She might have lawfully ejected him as an intruder; but she was not bound to do so, and her failure to resort to such a measure of protection did not expose her to the peril of a responsibility, which can only arise, where it is shown that she consented either expressly or tacitly to the use which he was making of her property. It was sufficient if she at all times and in all reasonable ways repudiated his action, and refused to recognize his right to cause the improvements to be made.

The title was doubtless a matter of public record, and the

plaintiffs had constructive, if not actual notice of its existence, and all persons dealing with the purchaser Wood, could have readily ascertained by inquiry of the respondent, whether she had given her permission to the performance of the work and the use of the materials, for which it is now sought to make her liable.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.