HENRY SPRUCK, Respondent, v. HUGH McROBERTS, Impleaded, etc., Appellant.

While a mechanic's lien law must receive a liberal construction to secure the beneficial purpose had in view by the legislature, yet as it creates a remedy unknown to the common law, it may not be extended to cases not fairly within its general scope and purview.

Under the Mechanics' Lien Law of 1885 (Chap. 342, Laws of 1885), the incumbrance is imposed upon real estate only when the work is performed or materials furnished in pursuance of some contract with the owner or when his consent is in some way established.

When a mechanic or material man proposes to expend labor or material upon land under a contract with a person in possession, it is incumbent upon him to inquire and assure himself of the fact that such person has, in fact, such an estate or interest in the land as will enable him to assert the statutory lien. If the person in possession has no such interest the statute does not impress a lien upon the estate of the true owner, unless he is in some way connected with the contract, or has given his consent to the expenditure in such manner as to bind him within recognized principles of equity.

In an action to foreclose a mechanic's lien, it appeared that the notice of lien was filed against defendant T. and wife; defendant McR. was not referred to therein as owner or otherwise. Plaintiff, in 1888, contracted with T. and wife, who were then in actual possession under title hostile and adverse to McR., for the construction of a building on the land; this was to be completed on or before May 1, 1889. McR. was in fact the owner of the land, but he had been wrongfully ousted therefrom. T. and wife were subsequently compelled to surrender possession under judgment and execution in an action of ejectment brought against them in March, 1889; said contract was substantially completed by plaintiff within the time limited. Plaintiff, before he made the contract or incurred any expense, was fully informed as to the condition of the

title. *Held*, that the action was not maintainable; that, under the circumstances, the consent of McR. to the erection of the building could not be implied from the fact that knowing what plaintiff was doing, he failed to forbid or prevent him; nor was McR. estopped thereby from asserting his title.

(Argued June 16, 1893; decided October 3, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 9, 1892, which affirmed a judgment entered upon the report of a referee directing the sale of certain lands of the defendant Hugh McRoberts.

This action was brought to foreclose a mechanic's lien.

The facts, so far as material, are stated in the opinion.

*William M. Mullen* for appellant. The plaintiff Spruck failed to make such inquiry as a prudent man would have made respecting the title of the defendants Tartter to, and their right to erect a building on the land in question. (*Tritch* v. *Norton*, 10 Col. 337; *Dunn* v. *Housbeck*, 72 N. Y. 89; *Reed* v. *Gannon*, 50 id. 549.) The defendant McRoberts did not either expressly or impliedly consent to the construction of the building in question. (*Bristol* v. *Burr*, 120 N. Y. 427; *Nellis* v. *Bellinger*, 6 Hun, 560; *Otis* v. *Dodge*, 90 N. Y. 336; *Husted* v. *Matthews*, 77 id. 388; *Burkitt* v. *Harper*, 79 id. 293; *Hackett* v. *Badeau*, 63 id. 476; *Schmalz* v. *Mead*, 125 id. 188; *Donaley* v. *Clapp*, 12 Cush. 440; *Brown* v. *Bowen*, 30 N. Y. 541.) There is no evidence in this case of an express consent by McRoberts to the erection of this building, and a consent within the meaning of the Mechanics' Lien Law of 1885 cannot legally be implied from his actions and conduct, after he had knowledge that it was being erected upon his land. (*Pringle* v. *Phillips*, 5 Sandf. 157, 171; *Patterson* v. *Brown*, 32 N. Y. 81; *Weaver* v. *Berden*, 49 id. 286; *Hull* v. *Rosenthal*, 61 id. 397.)

*Oscar Frisbie* for respondent. The omission of the name of the defendant McRoberts does not invalidate the lien or ren-

der his land less liable to it, provided his consent to the erection of the building referred to in the complaint, and the performing of the work and the furnishing of the materials used in the construction, is established. (Laws of 1885, chap. 342, § 4; *Schmalz* v. *Mead*, 125 N. Y. 188.) The consent of the defendant McRoberts was clearly established. (*Otis* v. *Dodd*, 90 N. Y. 338; *Husted* v. *Matthews*, 77 id. 388.) Defendant McRoberts was not only willing the plaintiff should erect the building, but he permitted him to do so, with the intention of claiming the same as his own, and obtaining possession of it, with his land. He is, therefore, estopped from denying that he consented. (*Brooklyn* v. *Smith*, 118 N. Y. 634; *Blair* v. *Wait*, 69 id. 113; *C. Bank* v. *N. Bank*, 50 id. 575; *E. C. S. Bank* v. *Roop*, 48 id. 292; *Brown* v. *Bowen*, 30 id. 219.) McRoberts paid nothing for the improvements on his property, and now equity will compel him to pay; he should not be allowed to take another's property without compensation. (*Otis* v. *Dodd*, 90 N. Y. 336.) The excuse for omitting the name of the true owner is sufficiently set forth in the complaint. (*Lawrence* v. *Schwartzler*, 10 Daly, 547.) The plaintiff was not bound to show that the Tartters had a right to bind defendant by a contract to make the improvement on the land in question. (*Husted* v. *Matthews*, 77 N. Y. 390; *McDougall* v. *Nast*, 5 N. Y. S. R. 144.) The plaintiff has not waived his right to a lien. (*Pick* v. *Bridwell*, 10 Mo. App. 524.) The appellant's contention that he was out of possession of the property, and, therefore, could not consent and could not under the statute have made a mortgage on the property in question, is without force. (2 R. S. chap. 1, art. 4, § 168.)

O'BRIEN, J. The plaintiff recovered a judgment directing the sale of certain lands of the defendant McRoberts to satisfy a mechanic's lien, which it was claimed the plaintiff had under the provisions of chapter 342 of the Laws of 1885. The notice of the lien was filed in the proper county on the 11th day of April, 1889, against one George Tartter and his wife,

as the owners of the land, and the defendant McRoberts is not referred to therein as owner or otherwise. The plaintiff entered into a contract on the 13th of November, 1888, with Tartter and his wife for the erection of a hotel building on the lands, at a cost of over $6,000, and was paid by them from time to time during the progress of the work, and in pursuance of the contract, about $5,000. The defendant is in fact the owner of the land, and was when the contract was made and the building erected, but sometime before the contract was made the Tartters went into the actual possession under title hostile and adverse to the defendant, and kept the possession and assumed to be the owners in hostility to the defendant until the 2d day of January, 1890, when they were compelled to surrender the premises to the defendant under a judgment and execution in an action of ejectment. This action was commenced against the Tartters, their grantors and others, on the 27th day of March, 1889, by the service of a summons and complaint and the filing thereof with a notice of the pendency of the action in the county clerk's office of the proper county. The plaintiff by his contract was to complete the building on or before May 1, 1889, and it was completed substantially according to the contract, a considerable part of the work having been done after the defendant had brought the action to recover the land upon which the structure was being erected. There can be no doubt upon the finding that the plaintiff entered into the contract and erected the building upon the faith of the title and responsibility of the Tartters and trusted to them and their title for payment of his compensation. The referee has found substantially that the plaintiff, before entering into the contract, was notified by different persons that the land belonged to the defendant, and to have nothing to do with the erection of the building, to which he replied in substance that he was willing to take his chances, but the force of these facts was evidently much impaired in the mind of the learned referee by the circumstance which he finds, that this notice was not given in pursuance of any authority or request from the defendant him-

self.  One of the persons who thus warned the plaintiff of the danger of making any expenditure upon the land on the strength of Tartter's title was the attorney of record for the defendant in this action, and it is a fair inference from the whole record that he acted for the defendant, or at least obtained the information from him.  But however that may be, the important fact cannot be ignored that the plaintiff, before he made any contract to build and before he incurred any expense, was fully informed, not only by these statements, but by his own inquiries and investigations, as to the condition of the title, and that with full knowledge of all the facts he deliberately elected to enter upon and perform the contract for the construction of the building upon the faith of a title which proved to be utterly invalid, and also in reliance upon the pecuniary responsibility of parties who failed to pay the contract price in full.  The record does not disclose the slightest ground for supposing that the plaintiff's conduct in this respect was influenced in any degree by any word, act or omission of the defendant, and so far as the plaintiff seeks to sustain the judgment upon general principles of equity these considerations are important.

The statute which gives to a contractor, mechanic or material man a lien upon the lands of another, created a remedy in such cases which was unknown to the common law, and while it must receive a liberal construction to secure the beneficial purposes which the legislature had in view, it cannot be extended to a state of facts not fairly within its general scope and purview.  (*Spencer* v. *Barnett*, 35 N. Y. 94; *Tiley* v. *Thousand Island Hotel Co.*, 9 Hun, 424.)

The statutory incumbrance is imposed upon real estate in such cases only when the work is performed or materials furnished in pursuance of some contract with the owner, who is sought to be charged, or whose interest is to be affected, or when his consent is in some way established.  It is not claimed that the defendant ever made any contract with anyone that connects him in any way with the work or material that the plaintiff put upon the land.  The judgment pro-

ceeded and has thus far been upheld upon the sole ground
that the building was erected with his consent.    It is not and
obviously cannot be urged that any express consent is shown.
The most that can be claimed is that the defendant knew
what was being done by the plaintiff and failed to forbid or
prevent him.    There is not the slightest reason to believe
that anything the defendant could have said to the plaintiff
would have influenced his action or changed his resolution to
take the chances upon his contract with Tartter.    The latter
agreed to pay him $6,860, and actually did pay $5,000, and
no doubt the plaintiff would have been successful in collect-
ing the whole sum from the parties who agreed to pay had
the judgment in ejectment been delayed or given against the
defendant.    The result of that suit was a contingency which
evidently did not enter into the plaintiff's calculations at the
time he entered upon the performance of the contract to
build, though the information in his possession, or within his
reach, might very well have foreshadowed the risk involved.
If the defendant had consented to the expenditure made by
Tartter upon this land, that fact might have been a very
serious obstacle in the way of his action to recover it, or even
if, with knowledge of all the facts, he looked on and allowed
an innocent party, believing that he had the title, to make
valuable improvements upon it without objection, equity
might hold him estopped from afterwards calling in question
the title of a party who had acted upon the faith of his
silence.    But these principles have no application to this case,
for the plain reason that it does not appear that the defendant
failed in any duty that the law imposed upon him, or that the
plaintiff acted otherwise than upon his own judgment, having
knowledge of all the facts.

The defendant had been ousted from the possession of his
land by parties claiming title, but who were in fact mere tres-
passers, and while thus out of possession and wrongfully
deprived of any control or dominion over it, the plaintiff con-
tracted with the wrong doers to erect a building on the land.
His security for the payment of the contract price of the

building under these circumstances was the personal responsibility of his employers and their interest, whatever it might turn out to be, in the land. In the absence of proof connecting the defendant with the contract, or showing that he consented to the work, neither he nor his title is bound by what was done. When a contractor, mechanic or material man proposes to erect a building, or to expend labor or material upon land under a contract with a person in possession, it is incumbent upon him to inquire and to assure himself of the fact that the person with whom he contemplates making the contract, or for whose benefit he is about to employ labor or materials, has in fact such an estate or interest in the land as will enable him to assert a statutory lien. If he fails to do this, or is mistaken in his calculations and contracts with a person without title, the statute does not impress a lien upon the estate of the true owner unless he is in some way connected with the contract or has given his consent to the expenditure in such manner as to bind him within recognized principles of equity.

The cases relied upon by the learned counsel for the plaintiff to support the judgment are clearly distinguishable from this, as in all of them the actual owner had in some way authorized the improvement, or was related to the contract, or given his consent, or, having the control or possession of the property, his consent was found as a fact from circumstances, and such finding was a just and reasonable inference from his conduct. (*Schmalz* v. *Mead*, 125 N. Y. 188; *Otis* v. *Dodd*, 90 id. 338; *Husted* v. *Matthews*, 77 id. 388; *Burkitt* v. *Harper*, 79 id. 273; *Cowen* v. *Paddock*, 137 id. 188.)

The record in this case discloses no such element of consent. The defendant's position was that the possession of Tartter and his wife was wrongful from the beginning, and that they were trespassers upon his property. He not only refused to sanction any act of ownership or dominion on their part over the property, but actually brought an action to eject them therefrom a very short time after the plaintiff entered into the contract with them, and before it was performed, and there can

be little doubt from the record that the plaintiff had full information as to his attitude. At all times, and in all reasonable ways, the defendant resisted and repudiated the Tartters' possession and claim to the property, and the plaintiff having acted under their authority solely, cannot, under the circumstances, be awarded any greater or different measure of relief than they could assert themselves.

The defendant having been deprived of the possession and control of the property, and his rightful relation to it having been usurped by a trespasser, his mere silence, if it be assumed, or his omission to forbid the plaintiff from proceeding under his contract, cannot be construed into consent on his part to anything that was done by the parties in possession, or by the plaintiff acting under their authority. The true owner was not bound to seek out the plaintiff, or anyone else acting under a hostile claim, and inform him of his rights at the peril of subjecting his property, which at all times he was seeking to recover, to the burden of a lien based upon acts manifestly wrongful and against which he in every proper way protested. (*Cowen* v. *Paddock, supra.*) The situation is not changed by the fact, if it be so, that the defendant's property has been enhanced in value by the plaintiff. A learned authority on the law of damages, in discussing the rule applicable to cases quite analagous, remarked that "the improvements may be very valuable, but they may be quite unsuited to the use which the plaintiff intends to make of his land. Even if they are such as he would wish to make, they may also be such as he could not have afforded to make. To compel him to pay for them or to allow for them in damages, which is all the same, is quite as unjust as it would be to lay out money in any other investment for a man, and then compel him to adopt it *nolens volens.*" (Mayne on Damages, 255; *Woodhull* v. *Rosenthall*, 61 N. Y. 397.) One cannot make improvements upon the land of another without his consent and charge him with their value, and as the defendant's consent to the erection of the building cannot be implied from the facts in this case, the recovery cannot be sustained upon any just or fair construction of the stat-

ute in regard to mechanics' liens, nor upon any principle of equity.

The judgment should, therefore, be reversed, and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.