JAMES L. LOWRY, as Executor, etc., of AUSTIN GIBBONS, Deceased, Appellant, *v.* EDWARD J. WOOLSEY, Respondent, Impleaded with Another.

83 257
146a 375

*Mechanic's lien — when acquired by a contractor on the landlord's interest — contract made by the tenant pursuant to an agreement to lease.*

Where improvements are made to real estate under an agreement between the tenant thereof and a contractor, the contractor may acquire a valid lien upon the interest of the landlord in the premises if the improvements are made with the landlord's consent, and in express compliance with the terms of the agreement under which the tenant took possession of the land; but if a tenant, in the possession of real estate under an agreement to lease the same, refuses to pay rent or execute the lease, the landlord has a right to rescind the agreement, and from that time the tenant, if in the possession of the land, is a trespasser, and work done in pursuance of a contract made thereafter by the tenant for the improvement of such property would not form the basis of a valid lien, in favor of the person performing such work, upon the interest of the landlord in such premises. The failure of the owner to eject the contractor as an intruder, does not subject him to liability on the theory of his having given his consent, if he has forbidden the contractor to continue the work.

APPEAL by the plaintiff, James L. Lowry, as executor, etc., of Austin Gibbons deceased, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Queens on the 28th day of April, 1894, upon the report of a referee dismissing the plaintiff's complaint as against the defendant Woolsey upon the merits, and directing the cancellation of the mechanic's lien to foreclose which this action was brought.

*Alex. Thain*, for the appellant.

*W. W. Culver*, for the respondent.

CULLEN, J.:

This is an appeal from a judgment in favor of the defendant Woolsey, entered upon the report of a referee. The action was brought to enforce a mechanic's lien. The defendant Woolsey was the owner of certain lands in Long Island City. On March 20, 1888, he entered into an agreement with the defendant Henderson by which, on May first following, a lease was to be executed by the

parties for the demise of the land to Henderson for the period of seventeen months, at a specified rental, payable quarterly in advance, which lease should contain certain specified provisions for the purchase and sale of the property at the option of either party. The agreement further provided that Henderson might enter upon the premises forthwith, and also contained a covenant on his part to expend before February, 1889, the sum of $25,000 in improving and preparing the lands for a race course. It was further provided that in case of default in the payment of the rent, or in any of the covenants of the agreement or the lease to be made thereunder, Woolsey might re-enter the land and hold the same as before. Henderson entered under this agreement. On May first he failed to pay the rent due in advance, and refused to execute the lease, and neither rent has been paid nor lease executed since. On May eighteenth the plaintiff's testator made a contract with Henderson for the erection of race track structures. For work done by him he filed a mechanic's lien, the subject of this action. As to the questions of law involved on this appeal there is but little that can be added to the very clear opinion delivered by the referee. That if the original agreement had remained in force the plaintiff's testator would have acquired a valid lien on the interest of the defendant Woolsey in the lands is unquestionable, for the improvements were not only made with his consent, but in express compliance with the terms of the agreement under which the tenant took possession of the land. (*Schmalz* v. *Mead*, 125 N. Y. 188; *Otis* v. *Dodd*, 90 id. 341.)

The case cited by the counsel for the respondent (*Cornell* v. *Barney*, 94 N. Y. 394) arose under the old statute as to the city of New York, and has no application to the present law. But it is equally clear that on Henderson's default and his refusal to execute the lease or pay the rent, Woolsey had the right to rescind the agreement, and from that time Henderson, if in possession of the land, would be but a trespasser. (*Graves* v. *White*, 87 N. Y. 463.)

The referee has found not only that the contract was rescinded by Woolsey, but that Woolsey notified the plaintiff's testator that Henderson had lost his right in the land. The evidence, we think, justified these findings. While the original plaintiff is dead and cannot contradict the statement of the witnesses as to the notice

given him, Woolsey testified to notice given to Lowry, the foreman of the workmen. It is significant that Lowry is not produced to contradict this evidence, nor is his absence accounted for. The only criticism on the rescission that can be made is that Woolsey did not forcibly oust Henderson or prevent the entry of the testator's workmen. This, we think, he was not compelled to do. The case, in that respect, is like that of *Cowen* v. *Paddock* (137 N. Y. 188), where it was held that the failure of the owner to eject the contractor as an intruder did not subject her to liability as for a consent, it being shown that she had forbidden a continuance of the work. At the time, therefore, that plaintiff's testator made his contract with Henderson and performed the work, Henderson was a trespasser without title, and his contract could not bind Woolsey, the owner. (*Spruck* v. *McRoberts*, 139 N. Y. 193.)

The judgment appealed from should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.