BENJAMIN F. DE KLYN, Appellant, *v.* ANNIE W. GOULD, Respondent, Impleaded with JOSEPH H. SIMPSON and SIMPSON'S.

1. MECHANICS' LIEN LAW — NOTICE OF LIEN. The provision of the Mechanics' Lien Law (L. 1885, ch. 342, § 4), that the failure to state, in the notice of lien, the name of the true owner, lessee, general assignee or person in possession, against whose interest a lien is claimed, shall not impair the validity of such lien, refers to an unsuccessful attempt to designate such person and does not authorize the lienor to name the lessee as the true person against whose interest he claims a lien and afterward proceed against the lessor against whose interest he did not intend to file notice of a claim.

2. CONSENT OF OWNER TO IMPROVEMENTS. Where a lease of real property contains a provision that the lessee shall at his own expense make certain specific changes and improvements on the premises, and the lessee in the performance of his agreement materially departs from the specifications, thereby largely increasing the cost of the improvement, the consent necessary under the Mechanics' Lien Law, to render the owner liable for the work done or the materials furnished, will not be implied from a mere acquiescence by the owner in the alteration, in the absence of any affirmative act or declaration on his part which might have misled the lessee or the contractor.

*De Klyn* v. *Simpson,* 34 App. Div. 436, affirmed.

(Argued November 23, 1900; decided January 8, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made November 11, 1898, reversing a judgment in favor of plaintiff entered upon the report of a referee in an action to foreclose a mechanic's lien against the respondent, the owner of premises on West Twenty-third street, New York, and the other defendants.

The facts, so far as material, are stated in the opinion.

*David Willcox* and *Louis M. Fulton* for appellant. The merits of plaintiff's claim were fully established. Where the owner consents to making the alterations, imposes no special limitation as to the manner in which they shall be made, and, knowing their character and extent, does not object to the

method pursued to accomplish the result, the premises are liable for the expenses actually incurred. (*Hankinson* v. *Vantine*, 152 N. Y. 20; *Nat. W. P. Co.* v. *Sire*, 163 N. Y. 122; *Schmalz* v. *Mead*, 125 N. Y. 188; *Nellis* v. *Bellinger*, 6 Hun, 560; *Cowen* v. *Paddock*, 137 N. Y. 188; *Otis* v. *Dodd*, 90 N. Y. 336; *Berry* v. *Gavin*, 88 Hun, 1.) The technical objections to the notice of lien are without force, and should not be sustained. (L. 1885, ch. 342, § 4; *Schmalz* v. *Mead*, 125 N. Y. 188; *Berry* v. *Gavin*, 88 Hun, 1; *Spruck* v. *McRoberts*, 19 N. Y. Supp. 128; *Walkam* v. *Henry*, 7 Misc. Rep. 532; *Hankinson* v. *Riker*, 10 Misc. Rep. 185; *Ringle* v. *W. I. Works*, 149 N. Y. 439.)

*John E. Parsons* for respondent. The notice of lien was insufficient to charge Mrs. Gould, in that she is not named therein either as owner, lessee, person against whom the lien is claimed, or otherwise. (L. 1885, ch. 342, § 4; *Grippin* v. *Weed*, 22 App. Div. 593.) The Mechanics' Lien Law requires the notice of lien to state the name of the person against whom the lien is claimed, and it is only a mistake in name which does not impair the validity of the lien. (*Leiegne* v. *Schwarzler*, 10 Daly, 547; *Donnelly* v. *Libby*, 1 Sweeney, 259; *Beals* v. *Cong. B'nai Jeshurm*, 1 E. D. Smith, 654; *Davidsburgh* v. *K. Life Ins. Co.*, 90 N. Y. 526.) The consent by an owner which the statute requires to bind him in favor of a lienor means a consent to the contract or dealings with the lienor of such character as to bind him within recognized principles of equity. Mere acquiescence with knowledge is not such a consent. There is neither finding nor evidence that there was any such consent by Mrs. Gould. (*Nat. W. P. Co.* v. *Sire*, 163 N. Y. 122; *Spruck* v. *McRoberts*, 139 N. Y. 193; *Hankinson* v. *Vantine*, 152 N. Y. 20.)

LANDON, J. The notice of lien stated "That the name of the owner against whose interest a lien is claimed is Simpson Company." It did not contain the name or designation, true or false, of any other person or party against whose interest a lien was claimed.

Section 4 of the Mechanics' Lien Law (Chap. 342, Laws of 1885), under which this notice of lien was filed, requires that the notice shall contain " the name of the owner, lessee, general assignee or person in possession of the premises against whose interest a lien is claimed." The statute does not invite the suppression of names; it requires the expression of the names of those persons against whose interest a lien is claimed, but it also contemplates that some other name than that of the true person against whose interest a lien is claimed may be stated, and hence it further provides: " But the failure to. state the name of the true owner, lessee, general assignee, or person in possession, shall not impair the validity of the lien." The corporate name of the Simpson Company was " Simpson's." As the name " Simpson Company" was used, the statute undoubtedly cures the failure to use the true name " Simpson's ;" and this illustrates one phase of the meaning of the curative clause. If the referee had found that the lienor believed after due inquiry the Simpson Company to be the true owner, the case would be different. The evidence does not permit us to presume such to be the fact.

In the connection in which the word " failure" is here used, it evidently means an unsuccessful attempt to name or designate the true owner, lessee, general assignee or person in possession of the premises against whose interest a lien is claimed. It does not mean that the lienor may name the lessee as the true person against whose interest he claims a lien, and then afterwards proceed against the lessor against whose interest he did not intend to file notice of a claim. (*Grippin* v. *Weed*, 22 App. Div. 593 ; affd., 165 N. Y. 612.) The contractor testified that before he filed his lien Mr. Simpson, the lessee, introduced him to Dr. Gould as the owner of the premises. Dr. Gould was the husband of Mrs. Gould. When the contractor made his contract with Simpson's he was put upon inquiry as to the owner. (*Spruck* v. *McRoberts*, 139 N. Y. 193.) And he now received information near enough to the truth to enable him to file notice of lien against the true owner.

Under the act of 1885 " the names of the owners and other

persons in interest, and other persons against whom the claims are made," must be entered in the county clerk's docket. Formerly the law did not make this requirement. (See *Leiegne* v. *Schwarzler*, 10 Daly, 547.) Unless some attempt is made to name the parties against whose interest a lien is claimed, the docket will not give the notice the law intends it should give.

2. We must presume that the Appellate Division did not reverse the judgment upon the facts, since no statement that it did so reverse appears in its order or judgment. (Code Civ. Pro. § 1338.) The referee found that "the labor and materials for which the lien was filed were furnished and performed with the knowledge and consent of the said Annie W. Gould." We may inquire whether this fact was found without any evidence which according to any reasonable view would warrant it. (*Spence* v. *Eam*, 163 N. Y. 220.)

The lease was given by Mrs. Gould on July 18, 1892, to Joseph H. Simpson, who was then the tenant in possession under a lease to expire May 1, 1893, from which date this lease was to continue for the term of twelve years. It contained provisions to the effect that the lessee "shall and will at his and their own cost and expense make changes and improvements on the above-named premises," specifying them, the whole to be done at his and their cost, and without any cost to the lessor, the lessee agreeing to pay for the improvements and to suffer no mechanics' liens to be placed on the premises, and to discharge the same within twenty days, if any should be so placed, under penalty of forfeiture.

The specified improvements would cost about $10,000. The lessee in August, 1892, organized the corporation, Simpson's and in January, 1893, "undertook to assign the lease to it upon securing Mrs. Gould's consent," the lease requiring her consent, and placed it in possession of the premises. It continued in possession and paid the rent until October, 1896, when it was dispossessed by the lessor. On January 14, 1893, Simpson's made a contract with Peter J. Brennan, the plaintiff's assignor, by which the latter agreed to make certain

alterations and improvements upon the premises for $27,500, and containing a provision for extra work. Brennan performed before October following, and Simpson's paid him the contract price, less $14,308.99, for which this notice of lien was filed. Other work was done by Simpson's, the entire improvement costing about $45,000, and adding to the value of the property about $40,000.

The referee finds as follows: " While the work on these premises was in progress, said Annie W. Gould and her husband were frequently in the street, saw the premises in question and the work going on, and Mr. Gould was aware of the nature of the work in progress and mentioned the matter to, Mrs. Gould. No statement was ever made to them as to the probable cost of the alterations specified in the lease ; they made no inquiries upon that subject, and made no objection to the manner in which the requirements of the lease were fulfilled. Neither Mrs. Gould nor Mr. Gould has any objection to make now, as they consider that the work specified by the lease has been fully performed."

The owner's interest in his real estate is not liable in every case in which to his knowledge labor and materials are furnished for erections upon his real property or alterations in the existing erections. (*Hankinson* v. *Vantine,* 152 N. Y. 20 ; *Spruck* v. *McRoberts,* 139 N. Y. 193 ; *Havens* v. *West Side Elec. L. & P. Co.,* 17 N. Y. Supp. 580 ; 20 id. 764 ; affirmed, 143 N. Y. 632.) There are many cases in which the owner's consent has been implied from the circumstances and his declarations and acts in respect to the improvements. The appellant largely relies upon *National Wall Paper Co.* v. *Sire* (163 N. Y. 122) and the cases therein cited in which the owner's consent was inferred or implied. In that case it was pointed out by O'Brien, J., writing for the majority of the court, that by the terms of the lease the tenant was under no obligation to make the improvements ; he was permitted to make them at his own expense ; that before the tenant engaged the contractor to make them, he conferred with the lessor, exhibited to him a specimen room of the decorations he intended to

make throughout the whole house, and told him that he ought to pay part of it, and the lessor replied, " Well, I will see how well it is done ; " that the lessor was in attendance during the progress of the work, and frequently expressed his admiration and approval, and in a few weeks after the completion of the work dispossessed his tenant.

The case before us lacks these features and has no element tending to show that the lessor misled her tenant to his extravagant outlay. This case, as well as the others it cites, indicates that mere acquiescence in the erection or alteration, with knowledge, is not sufficient evidence of the consent which the statute requires. There must be something more. Consent is not a vacant or neutral attitude in respect of a question of such material interest to the property owner. It is affirmative in its nature. It should not be implied contrary to the obvious truth, unless upon equitable principles the owner should be estopped from asserting the truth. Here, the owner carefully stated in the lease her position with respect to alterations and improvements, and it may be assumed that both the amount of the rent and the length of the term were influenced by the tenant's agreement to make the specified repairs. She never was asked to declare her position with respect to the important and expensive departure by the tenant from the specifications, and she misled neither the tenant nor the contractor. Undoubtedly she consented to such alterations and additions as the lease called for, but as the terms of the lease accompany that consent, we cannot separate it from them. She could accept the larger performance by the tenant as satisfactory performance under the lease, and in the absence of evidence that she did more, we cannot enlarge the scope of her acceptance in order to make her bear a greater liability than she ever consented to incur.

The order should be affirmed and judgment absolute ordered for defendant on the stipulation, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Order affirmed, etc.