### BERGER MFG. CO. v. ZABRISKIE et al.

(City Court of New York, Trial Term. February 5, 1902.)

**1. LEASE—CONSTRUCTION—PROVISION AGAINST ALTERATIONS—VIOLATION—RIGHT
TO MECHANIC'S LIEN.**

Tenants who, without the landlord's knowledge, put in complete new
metal walls and ceilings in place of old plaster walls and ceilings, vio-
lated a provision in the lease that they would "not make any alterations
without the written consent of the landlord," and the party doing the
work could not acquire a mechanic's lien on the building therefor.

**2. SAME—AGREEMENT OF TENANT TO REPAIR.**

A provision in a lease that the tenants shall make all repairs. etc., is
not such a consent on the part of the landlord that a third party shall
furnish labor and materials as to give the latter a mechanic's lien there-
for, especially in the absence of any notice or knowledge on the land-
lord's part from which such consent can be implied.

Action by the Berger Manufacturing Company against Andrew
J. Zabriskie and others. Judgment in favor of defendant Zabriskie,
and against the other defendants

Mr. Keane, for plaintiff.
Mr. Hubbard, for defendants.

O'DWYER, J. Action brought to foreclose a mechanic's lien
against property of which the defendants Wundt & Coogan were
tenants in possession, and the defendant Zabriskie was the owner.
The defendants Wundt & Coogan answered, denying all the allega-
tions of the complaint and setting up a counterclaim. The defend-
ant Zabriskie denied certain of the material allegations of the com-
plaint, and the issues thus made came on for trial. On the trial the
defendants Wundt & Coogan defaulted, and defendant Zabriskie re-
sisted plaintiff's claim to a lien upon his property. The answer of
the defendants Wundt & Coogan, verified by both of said defend-
ants, denies absolutely the following allegations of the complaint, viz.:
"That the said labor and materials were performed and furnished
for the repair and improvement and were actually used in and upon
the building on the premises above described; * * * that the said
work was performed and the said materials were furnished with the
consent of said defendant Andrew J. Zabriskie, the owner of said
premises as aforesaid." Notwithstanding his verified denial of all the
allegations contained in the complaint, the defendant Wundt became

a witness for the plaintiff, and testified that the work and materials were furnished as claimed by the plaintiff, and that the work and materials so furnished were for necessary repairs to the premises. Wundt's testimony, together with the other proof in support of plaintiff's case, requires now that it be determined whether the work and materials were for necessary repairs to the premises; and, if so, did the owner consent thereto within the meaning of the lien law? The contradictory statements under oath of the witness Wundt convince me that little, if any, credence can be placed upon his testimony that the materials and work were necessary as repairs to the premises in their then condition. I have no doubt that the work and materials were furnished, but they were ordered by Wundt & Coogan, not because they were necessary as repairs, but because these defendants desired to alter and improve their place of business with new stamped metal walls and a new stamped metal ceiling. Complete new metal walls and ceilings can hardly be designated as repairs to old plaster walls and ceilings. The lease provides that the tenants "will not make any alterations therein without the written consent of the landlord, under penalty of forfeiture," and that the tenants "agree to make and do at their own cost and expense any and all repairs needed or required herein, in, upon, or about the demised premises or appurtenances, and keep the same generally in repair, and not call upon the landlord or his assigns for any repairs or outlay therefor, for any cause or thing whatsoever." There is no evidence that the plaintiff ever saw the owner, knew who he was, communicated with him, or informed him it was making the alterations; there is no evidence that either of the tenants ever informed the owner of the work or mentioned that it was to be done; there is no evidence that the owner knew anything about the work at any time; and, finally, there is no evidence that prior to and during the performance of the contract plaintiff had any knowledge of the provisions of the lease. It knew that Wundt & Coogan were not the owners, and it was willing to look to them for payment of the bill. The lease prohibited the tenants from making any alterations without the written consent of the landlord, and, as I have found that plaintiff's work consisted of alterations and improvements, it can have no recovery therefor. On the other hand, if it be conceded that the work consisted of repairs, then did the provision in the lease with respect thereto give that consent of the owner required by the lien law to the work performed by plaintiff, and is the owner's property bound by reason thereof? I think not. The statute requires either that the owner shall expressly consent to the particular alteration made, or that, with a knowledge of the employment and its purpose, he acquiesces therein. A mere general consent of the owner that the lessee in occupation may make alterations at his own expense does not constitute a consent by the owner that a third party shall furnish labor or materials for the alterations, so as to make such labor and materials the basis of a mechanic's lien upon the building, especially in the absence of any notice or knowledge on the part of the owner from which such consent can be implied. Hankinson v. Vantine, 152 N. Y. 20, 46 N. E. 292. The statute does not impress a lien upon the estate of the owner

unless he is in some way connected with the contract or has given his consent to the expenditure in such manner as to bind him within recognized principles of equity. Sprück v. McRoberts, 139 N. Y. 193, 34 N. E. 896. The facts from which the inference of a consent is to be drawn must be such as to indicate at least willingness on the part of the owner to have the improvements made or an acquies-cence in the means adopted for that purpose, with knowledge of the object for which they are employed. Cowen v. Paddock, 137 N. Y. 193, 33 N. E. 154. Mere acquiescence in the erection or alteration, with knowledge, is not sufficient evidence of the consent which the statute requires. De Klyn v. Gould, 165 N. Y. 286, 59 N. E. 95. The lease in question called for no particular repairs, but generally permitted the tenants to make such repairs during the term as were necessary to keep the premises in general repair. The plaintiff is entitled to a money judgment, with costs, against the defendants Wundt & Coogan, and judgment is ordered in favor of the defendant Zabriskie dismissing the complaint herein, with costs. Settle form of decision and judgment on five days' notice. Thirty days' stay, and 30 days to make a case after entry of judgment, granted plaintiff in case it desires to appeal.