In the Matter of Acquiring Title by the CITY OF NEW YORK to Certain Lands and Premises Situated on 157th Street, 155th Street, 108th Avenue and 109th Avenue, Borough of Queens, City of New York, Duly Selected as a Site for a Public Park According to Law. (Damage Parcel No. 25.)

EFFIE ROYSTER, Also Known as EFFIE ROYSTER KING, Appellant; FEDERAL HOUSING ADMINISTRATION, Respondent.

Second Department, July 7, 1939.

*Leonard M. Wallstein* [*Joseph J. Einhorn* with him on the brief], for the appellant.

*Mario Pittoni,* Assistant *United States Attorney* [*Vine H. Smith, United States Attorney,* with him on the brief], for the respondent.

TAYLOR, J. This is a condemnation proceeding. The facts are undisputed. The award for damage parcel No. 25 was made in the sum of $4,400. Its payment was directed to be made as follows: To Effie Royster, claimant, $2,900, and to Federal Housing Administration, claimant, $1,500. Reduced to its lowest terms, the claim of the appellant Royster is that Effie Norton, while trespassing upon and pretending to be the owner of real property under a will of one Annie Elam, who died on February 8, 1936, seized of the real property which is damage parcel No. 25, borrowed from Morris Plan Bank a sum of money on her unsecured notes. Of such amount she expended $1,500 for improvements and repairs to the property here involved. The borrower, Effie Norton, knew that her title was being contested. As a result of proceedings instituted September 1, 1936, a decree was entered on December 17, 1936, in the office of the Surrogate's Court of Queens county vacating the probate of the will under which she had obtained possession. That decree adjudged, in effect, that she had been guilty of fraud, deceit, duress and undue influence in procuring the purported will. This court unanimously affirmed the decree, thus revoking the probate. (*Matter of Elam*, 251 App. Div. 748.) Thereafter, and in August, 1937, the deceased prior owner's valid will was admitted to probate. This devised the property to Effie Royster, who finally ousted Effie Norton, the trespasser, and obtained possession in October, 1937.

Effie Norton had defaulted on her notes to the Morris Plan Bank. On March 25, 1937, the latter obtained judgment against her in the City Court of the City of New York, which judgment was never docketed in the county clerk's office. Under applicable provisions of law, this judgment was assigned to the respondent, Federal Housing Administration. In February, 1938, when the city of New York took title to Effie Royster's property by condemnation (damage parcel No. 25), Effie Norton and Federal Housing Administration each made separate claims therein. Each claimed an equitable lien for reimbursement for the improvements made during the time that Effie Norton was in possession under an invalid title.

The learned Special Term found that $1,500 of the Morris Plan Bank loans, which were guaranteed by the Federal Housing Administration, were actually expended for improvements and repairs on the damage parcel, and increased the value thereof to that extent; and awarding $4,400 for the taking of that parcel, it directed that the award be paid as above indicated. The Special Term dismissed the claim interposed by Effie Norton.

Upon the undisputed facts, the claimant Federal Housing Administration had no claim or lien upon the real estate thus

improved, and has none upon the award for damage parcel No. 25. The Federal Housing Administration's right (if any) in the damage parcel came through Effie Norton, a trespasser, to whom the Morris Plan Bank made the loans thus guaranteed by the Federal Housing Administration, $1,500 of the proceeds of which loans were expended for improvements upon Effie Royster's property without her consent. Effie Norton had no equitable lien upon the property for the value of the improvements. (*Woodhull* v. *Rosenthal*, 61 N. Y. 382, 396; *Wood* v. *Wood*, 83 id. 575, 581; *Warner* v. *Warner*, 199 App. Div. 159, 165.) Therefore, the Federal Housing Administration, which guaranteed the repayment to the bank by Effie Norton of her unsecured borrowings, part of which was thus expended for improvements, had no equitable lien upon the property thus improved by Effie Norton, the trespasser (*vide Spruck* v. *McRoberts*, 139 N. Y. 193); and consequently has no right to any part of the award.

Therefore, the final decree, so far as appealed from, should be modified (1) by striking therefrom the direction for payment of the sum of $1,500 of the award to the Federal Housing Administration, and the balance thereof, $2,900, to Effie Royster, and (2) by inserting in place thereof a direction that the entire award of $4,400 be paid to Effie Royster, claimant. As so modified, the final decree should be affirmed, with costs to the appellant.

LAZANSKY, P. J., HAGARTY and CLOSE, JJ., concur; CARSWELL, J., dissents and votes to affirm without modification, with opinion.

CARSWELL, J. (dissenting). I dissent and vote to affirm without modification.

The rights of the parties should not be determined as if they arose between Norton and Royster. They should be determined on the equities existing between the Federal Housing Administration and Royster. The former does not acquire its equities through Norton, but wholly independent of her and as a consequence of the conduct of Royster and Norton. Royster is not as free from fault as the Federal Housing Administration. The fraudulent will of February 1, 1936, was admitted to probate April 2, 1936. Presumably Royster was cited in that proceeding. Certainly she was under a duty to inquire into the validity of the instrument then propounded in view of her being a beneficiary under the earlier 1932 will.

After the probate of the fraudulent will under which Norton seemingly acquired title and entered into possession of the real property, the dealings were had with the Federal Housing Administration agency in August, 1936, at a time when, as a matter of record, Norton seemed to be the true owner and the Federal Housing

Administration agency excusably relied upon Norton's record title and Norton's actual possession. The improvements made upon the parcel were with the moneys advanced under the Federal Housing Administration regulations before Royster moved to vacate the decree admitting the fraudulent will to probate. Royster may be said to have been dilatory in ascertaining and enforcing her rights with respect to the fraudulent will and not having the 1932 will probated until August 1, 1937. In this case the fraud was not the sole cause of the Federal Housing Administration becoming obligated because of the advance of the moneys; there was a concurring element which facilitated Norton's wrongful act; that element was Royster's inertia and the belated assertion of her rights, but for which Norton would not have received the moneys and the property would not have been improved. Thus the equities favor the Federal Housing Administration as against Royster. It is also undisputed that the $1,500 reserved under the equitable lien for the Federal Housing Administration did not diminish the full value of " her property " as taken from Royster in the condemnation proceedings. There is no substantial basis for distinguishing in principle between enforcing an equitable lien for moneys represented by improvements on land, where the moneys are advanced or the improvements made in the mistaken belief that the person in possession is the owner, as in *N. Y., O. & W. R. Co.* v. *Livingston* (238 N. Y. 300), and the advancing of similar moneys where the mistaken belief is induced by the fraud of the one in possession with seeming evidence of ownership. No doctrine different from that applied in the *Livingston* case (*supra*) should be applied in the case at bar as a matter of true balancing of equities. There is no reason why a proper solicitude of equal degree to that indulged for the benefit of the railroad in the *Livingston* case should not be indulged in for the benefit of the Federal Housing Administration in the case at bar. Royster has no equitable right to profit, at the expense of the Federal Housing Administration, to the extent of $1,500 for the wrong done by Norton.

We have here a clear case of an attempt at unjust enrichment by Royster, in violation of settled equitable principles, at the expense of the party wholly without fault in the situation. The principle that one who advances moneys or makes improvements upon the land of another while wrongfully in possession may not have reimbursement from the true owner or anyone else, is subject to the exception applied in the *Livingston* case (*supra*). When one makes improvements in good faith, while wholly free from wrongdoing, or advances money for the same for the benefit of the owner without that owner's consent, he may receive reimburse-

ment, not from the true owner, but from the one taking the property *in invitum.* The facts and the situation here are *sui generis* and are within the exception illustrated by the *Livingston* case (*supra*).

Final decree, in so far as appealed from, modified by striking therefrom the direction for payment of the sum of $1,500 of the award to the Federal Housing Administration, and the balance thereof, $2,900, to Effie Royster; and by inserting in place thereof a direction that the entire award of $4,400 be paid to Effie Royster, claimant. As so modified, the final decree is affirmed, with costs to appellant.