Hoffman, J.
—The plaintiff stated his cause of action in his complaint, to be an employment by the defendants, ' to perform the mason and carpenter’s work of the Broadway theatre; that he did the work; that it was worth 128,664; that he had received about $10,000, and that the balance was due to him.
It is clear upon the proofs, that the original employment was by Mann, under a written contract made with him solely, and was given to him alone. There is no evidence of any direct contract between the plaintiff and Raymond; none of any engagement between them ; none of Raymond’s knowledge of this contract; none that the plaintiff, when he began the work, or at any period of its progress, looked to Raymond for payment or security.
The plaintiff in his reply, admits that he made the *423 contract with Mann as stated in the answer, but alleges that he made it under false representation by Mann, that he alone was interested, and changes his ground of action, . and seeks to make Raymond responsible on the theory that both defendants were, at the time of the contract, jointly interested in the erection of the building, and in the work and the materials furnished by the plaintiff in pursuance of the contract, but of which interest he was ignorant until some time thereafter ; that the work was done, and the materials furnished for their joint benefit.
Raymond was the owner of the. ground on which the theatre' was built. Presumptively, the title to the building itself was in him. His declarations as to being the owner, are proven. His intervention in the purchasing of lumber, his supervision and direction as to the plans and work, are shown in the testimony. His and Mann’s joint notes were to have been given to Collyer. His indorsements were given. In short, there is much evidence to prove some joint concern and interest between Mann and Raymond in the theatre.
The referee has not passed upon this evidence. He finds that there was a contract, that it was not produced, nor its contents proved. That the plaintiff could not recover without the production of the contract, or proof of its terms.
Biit had the referee found the facts as the evidence warrants, there would have been found either some unknown, undefined community of interest between Mánn and Raymond in the theatre, or the sole ownership in Raymond. The former would not have been sufficient to make Raymond liable, under the decision in Porter v. McClure, (15 Wend. 187 ;) the latter is not proceded upon as a ground of action, and naked ownership, without contract, recognition, or proven agency, would not be enough.
The contract is shown to have been diligently sought-for by the plaintiff, and’-not found. The papers of Mann appear to have come to Houghton’s hands, and no copy of the agreement has been found.
*424 The contents of the contract are stated to a great extent by the witness Trimble. He says the compensation was between $15,000 and $20,000. The plaintiff admits in his complaint, that he has been paid $10,000.
The reply, as before observed, admitted the making of the contract with Mann, and proceeds upon the joint interest, and consequent joint liability, of Raymond with Mann; it then sets forth, that after the plaintiff had performed the labor and furnished the materials, Mann, without any sufficient cause, refused to permit him to proceed with the contract, and finish the same in pursuance of the terms thereof. He therefore committed a breach thereof, and the plaintiff is therefore entitled to recover the value of the work and labor, &c., without reference to the contract, and as though .the same had not been made.
In respect to this, the referee finds, “ that the work in question was not finished by the plaintiff, and there is no evidence that the plaintiff was improperly prevented from completing it, or that he was improperly discharged.”
In respect to the first clause of this finding, it is no doubt literally true, upon Trimble’s evidence, although only some little things were left to be done. As to the last, we agree with the referee. There was some trouble, and the plaintiff was told to go out of the building, and never show his face there again.
The plaintiff seeks to make Raymond responsible for a wrongful act of Mann, in preventing the due execution of a contract, and thereby giving him a right to resort to an action for value, independently of the contract. He has proved that a difficulty arose between him and Mann, and that the latter sent him from the premises. It seems to me he has wholly failed in supporting his allegation.
It deserves notice, that the work of the plaintiff was completed about September, 1847, and he does not sue until March, 1851.
I think, that upon the case made, the plaintiff has not made out a sufficient ground for abandoning the contract, and going upon a quantum meruit, as against Mann. There *425 fore he must fail as against Raymond, conceding they were jointly liable ; and certainly he has not made out a ground of action on the contract.
I think the referee is right, on this ground, in his decision.
There is another point in the case not noticed in the findings, but of importance.
The supplemental complaint of July, 1855, states, that on or about the day of 1851, the plaintiff, pursuant to the statute in such case provided, united with Mann in a petition for the discharge of the said Mann, from his debts, in accordance with act 3, title 1, ch. 5, of part 2 of the Revised Statutes, commonly known as the “two-third act," and upon such petition, the said Mann was duly discharged from his debts, including the cause of action of the plaintiff set forth in the original complaint.
This being put in issue by the answer of the present defendants, was proven by the plaintiff, the discharge being granted the 18th of September, 1851. The action was commenced March 13, 1851. Mann made no defense, and died insolvent, in July, 1855. Raymond answered in April, 1851, and died March, 1854. On the 24t,h July, 1855, an order was issued continuing the action against the representatives of Raymond, the present defendants, under the supplemental complaint.
The union of the plaintiff, with Mann, in procuring the discharge, was equivalent to a release by him, of Mann, from this liability; and it seems to me operated to discharge Raymond from a liability which the plaintiff insists was a joint one. (Parsons on Con. vol. 1, 23, 24, and cases in notes.)
I understand that the general term may look into the evidence, and act upon facts proven thereby, to sustain a referee's decision, although not found. The difficulty is, that the Court of Appeals may not do this, and must have the facts specially found. The thirty-eighth rule of the Supreme Court meets this case, as I understand it. I think the judgment should be affirmed.
*426 Bosworth, Ch. J.
—The fact of a partnership between Mann and Raymond, in the theatre building, or in that and the land on which it stood, is neither found nor proved.
There is a difference between a joint interest and partnership. There may have been a joint interest; that is, Raymond may have owned the land, and have been under obligation to Mann to pay some part of the cos„t of the building, and still Mann?s contracts not affect Raymond; nor Mann’s acts be Raymond’s acts.
On the facts as found, the judgment is right; and I do not think the evidence warrants the finding of any facts which would make Raymond liable to the plaintiff, as a contractor with him, either solely, or jointly with^Mann.
Robertson, J.
—This was an action against two" persons for work and labor done for them jointly, in the erection of a building in the city of New York, on land belonging to one of them, called the Broadway theatre.
On the trial, it appeared that the building in question was erected under a contract, under seal, executed by one party alone. The loss of the instrument was proved, and .an attempt was made to prove its contents. The only witness examined as to them, was able to state part of the work to be done, but was unable to state the compensation within $5,000, or how it was to be paid, although it was payable in installments. He was able to state there was a time limited for its fulfillment, but was unable to state when it was, nor whether it was before the plaintiff quit work. The right of recovering for work done, on a general complaint, although there was a special contract, .depends upon the terms of such contract. If it specify a particular time and the work is not finished, the mechanic cannot recover for what he has done by that time; and it is not sufficient where work has been done under a contract to prove enough of its contents to show merely that the work, as done, corresponded with that specified. The party against whom the claim is made, is not to suffer from the defect of the evidence ; he is entitled to have the whole *427 contents laid before the court to see if there be not some drawback on the plaintiff’s right to recover, as if the instrument itself were in court, to have the whole of it read. The failure of the plaintiff to prove the whole, should not be a detriment to the defendant. The case of Ladue v. Seymour, (24 Wend. 60,) is directly in point, and the reasoning of Justice Bronson, is unanswerable. It settles the question, that the proof of the existence of a written contract, is sufficient answer to an action upon a quantum merunit and valebant, for work and materials, and that the plaintiff is bound to prove all the contents of such contract to show that there Avas no obstacle to his- recovery therein.
The other objection, of the contract being under seal, and with only one of the parties _ sued, was equally fatal, although not noticed by the referee.
For these reasons, as well as those assigned by my brethren of the court, I concur in thinking the report of the referee should be affirmed.
Judgment affirmed.