By the Court.—Mohell, Ch.j.
It is nqt clear that in the question put by the jury, and in the answer given to it by the court, the same subject was referred to. The jury alluded to an interest in the “adventure,” and the court to an interest in the “patent.” There was some evidence which would seem to have authorized either.
But it is apparent, I think, that the jury desired to be instructed as to the legal effect of an interest in that which constituted the business; whether it was the adventure or the patent, is not, therefore, very material.
The learned justice instructed.the jury that an interest in the patent, to develop which the work was performed, did not necessarily of itself make Hardenburgh a partner.
As a proposition of law, I think the instruction was correct. A mere community of interest was not sufficient to create a partnership (Porter v. McClure, 15Wend. 187; Alger v. Raymond, 7 Bosw. 418, 423 Sage v. Sherman, 2 N. Y. 417, 427). There must also be an agreement to share in the profits and loss.
The part ownership of the defendant in the patent, did not necessarily, make him a partner, and the effect standing by itself, of such evidence, was correctly stated to the jury.
In concluding his instructions the learned justice charged the jury that if they found a partnership actually existed, or the defendant held himself out, or allowed himself to be held out, as a partner, he was liable.
This left it for the jury to determine the only question at issue.
*114 No exception was taken to the charge, and the verdict was supported by the evidence.
I think the judgment and order should be affirmed, with costs.
Freedman, J., concurred.