Charles E. Pell et al., Respondents, *v.* Christian Baur, Impleaded, etc., Appellant.

T., a carpenter, and B., a mason, made separate bids upon separate proposals for the mason and carpenter-work upon a house for S. Their bids were accepted and a joint contract was entered into between them and S.; there being, however, as between the contractors, no community of interest. During the progress of the work, T. bought lumber of the plaintiffs, which was sold to him with knowledge on their part that it was to be used in the construction of the house and it was so used with the assent of B. Plaintiffs not having been paid filed a mechanic's lien. In an action to foreclose the same, it appeared that there was a balance unpaid on the contract which belonged equally to T. and B., all of which would be required to pay plaintiffs' claim. The judgment awarded to plaintiffs the whole of this balance. *Held,* no error; that although B. and T. were not partners in the contract, the

lumber, having been furnished with the assent of both, plaintiffs acquired a lien for the amount of their debt upon the whole unpaid portion of the contract price. (§ 1, chap. 342, Laws of 1885.)

(Argued May 3, 1892; decided May 24, 1892.)

Appeal from judgment of the General Term of the City Court of Brooklyn, entered upon an order made November 23, 1891, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

This was an action to foreclose a mechanic's lien.

* The facts, so far as material, are stated in the opinion.

*Hector M. Hitchings* for appellant. It was entirely competent on the part of the defendant Christian Baur, upon the trial of this action, to vary, explain, amplify or show the true meaning of the written contract entered into between Claus Schloen, Christian Baur and Matthew Thornton on August 19, 1890, by parol testimony as to what occurred both before, at the time and after said contract was executed. (*Julliard* v. *Chaffee*, 92 N. Y. 529, 534; *Schmittler* v. *Simon*, 114 id. 176, 184; *Coleman* v. *F. N. Bank*, 53 id. 388; *Engelhorn* v. *Reitlinger*, 122 id. 80; *Bowen* v. *Aubrey*, 22 Cal. 566; *Dabney* v. *Stevens*, 10 Abb. Pr. [N. S.] 39; *Beach* v. *Cooke*, 28 N. Y. 508, 535.) Baur and Thornton were not copartners in the erection of the building for Schloen, either *inter sese* or as to third persons, and Baur is not liable to the plaintiffs for material sold, delivered and furnished to Thornton. (*Post* v. *Kimberly*, 9 Johns. 469, 503; *C. C. S. Bank* v. *Walker*, 66 N. Y. 424; *Porter* v. *McClure*, 15 Wend. 187; *Sage* v. *Sherman*, 2 N. Y. 427; *Ballou* v. *Spencer*, 4 Cow. 163; *F. N. Bank* v. *Gallaudet*, 122 N. Y. 657; *Baldwin* v. *Burrows*, 47 id. 199; *Bostwick* v. *Champion*, 11 Wend. 580; Lindley on Part. [5th ed.] 18; *Pott* v. *Eyton*, 3 C. B. 32; *Bowen* v. *Aubrey*, 22 Cal. 566; *Perine* v. *Hankinson*, 6 Halst. 181; *Turner* v. *Bissell*, 14 Pick. 192; Col. on Part. [3d ed.] 37; *Anable* v. *S. E. Co.*, 16 Abb. Pr. 28; 25 N. Y. 470; *Steven* v. *Mayor, etc.*, 84 id. 296, 305.) The plaintiffs are in no way aided in a recovery by the mechanics's lien law. (*Larkin* v.

*McMullin,* 120 N. Y. 206; *Crain* v. *Genin,* 60 id. 127; *Gibson* v. *Lenane,* 94 id. 183; *Dimon* v. *Hazard,* 32 id. 65; *Crook* v. *Rindskopf,* 105 id. 476; *Atkins* v. *Saxton,* 77 id. 195, 199; *Addison* v. *Tuttle,* 81 id. 454; *Stevens* v. *Reynolds,* 7 N. Y. Supp. 771; *McCorkle* v. *Herman,* 117 N. Y. 297, 304, 305; *Murphy* v. *Buckman,* 66 id. 297; *Graf* v. *Cunningham,* 109 id. 369; *Schmittler* v. *Simon,* 114 id. 176.) The lien sought to be foreclosed was fatally defective on its face, and there was a fatal variance between the complaint and the proof, and defendant's motions to dismiss were erroneously denied. (*Fogarty* v. *Wick,* 8 Daly, 166; *Luscher* v. *Morris,* 18 Abb. [N. C.] 67; *Lutz* v. *Ely,* 3 E. D. Smith, 621; *Darrow* v. *Morgan,* 65 N. Y. 333; *Hallihan* v. *Herbert,* 57 id. 509; *Conkling* v. *Wood,* 3 E. D. Smith, 662; *Lindley* v. *Cross,* 31 Ind. 106; *Vreeland* v. *Boyle,* 37 N. J. L. 346.) The action having been brought on the theory of a copartnership, and none in fact having been proved or existing, judgment should have been rendered dismissing the complaint *in toto.* (*Huse* v. *Guyot,* 3 T. & C. 790; *Gulke* v. *Ulig,* 55 How. Pr. 434.) The trial judge had no power or right, after the rendition of his decision, to sign any other or different findings than those previously settled and signed by him upon request of both parties. (Code Civ. Pro. § 1023; *Gardiner* v. *Schwab,* 34 Hun, 582; *Palmer* v. *P. Ins. Co.,* 22 Hun, 224; *Gormerly* v. *McGlynn,* 84 N. Y. 284.)

*Andrew Shiland, Jr.,* for respondents. It is not necessary to the validity of the plaintiffs' lien that the notice of lien should contain the names of all of the persons who contracted with the owner to erect the buildings for which the claimants supplied the material. (*Vogel* v. *Lintwiller,* 52 Hun, 184; *Brown* v. *Welch,* 5 id. 582; *Ross* v. *Simon,* 9 N. Y. Supp. 536; *Leiegne* v. *Schwarzeler,* 10 Daly, 547; *Tinker* v. *Geraghty,* 1 E. D. Smith, 687; *Lutz* v. *Ely,* 3 id. 621; *Darrow* v. *Morgan,* 65 N. Y. 333; *Morgan* v. *Taylor,* 5 N. Y. Supp. 920; *Close* v. *Clark,* 9 id. 538; *Foster* v. *Schneider,* 2 id. 875; *Kiel* v. *Carll,* 51 Conn. 440.) Plaintiffs were not

estopped by the recitals in their notice of lien from showing on the trial that the defendant Baur was jointly liable with the defendant Thornton for the material sold on the order of Thornton and used for the joint benefit of both Baur and Thornton. ( *Williams* v. *Root,* 14 Wkly. Dig. 238.) The assignment by Thornton of his interest in the joint lien to Bauer did not cut off plaintiffs' right to secure a lien on the amount due from the owner. (*Gibson* v. *Lenane,* 94 N. Y. 186 ; *Post* v. *Campbell,* 85 id. 279 ; *Lumbard* v. *Syracuse,* 55 id. 494 ; *Heckman* v. *Pinkey,* 81 id. 211.) The evidence offered by defendant Baur, in his attempt to prove a parol understanding or agreement between himself and Thornton different from the terms of the written contract, was inadmissible and incompetent. But as the court admitted and considered all of the evidence, appellant can assign no error on this ground. (*Albright* v. *Voorhis,* 36 Hun, 467.) The defendants Baur and Thornton were partners in this transaction and are liable to plaintiffs as such. (*R. Co.* v. *Roach,* 97 N. Y. 378 ; *M. B. Co.* v. *Sears,* 45 id. 797 ; *Hackett* v. *Stanley,* 115 id. 631 ; Colyer on Part. 113 ; Pars. on Part. [3d ed.] 125.) The appellant claims that the trial judge, after the rendition of his decision, signed other or different findings than those previously settled and signed by him, upon request of both parties; this is erroneous. (Code Civ. Pro. § 1022; *Nobis* v. *Polluck,* 53 Hun, 441.)

Finch; J. We agree with the conclusion of the General Term that the judgment rendered upon foreclosure of the plaintiffs' lien was right, while not concurring in all respects with the reasons assigned. Thornton and Baur, the former a carpenter and the latter a mason, had entered into a joint contract with Schloen to build upon his land a house for the price of nineteen thousand and fifty dollars, the work to be done according to certain specifications, and payments to be made at agreed points in its progress. As between themselves, there was no agreement of partnership and no community of interest in profit or loss. The owner had called for separate proposals for the carpenter work and mason work, in response to

which Thornton had offered to do the former for nine thou·
sand and eight hundred dollars, and Baur, the latter, for nine
thousand two hundred and fifty dollars, and these offers had
been accepted by the owner.   But when the contracts came
to be drawn Thornton and Baur requested that their several
agreements should be merged in one joint contract as between
them and the owner.   This was done to save time and for
convenience, and without any purpose or agreement to change
their relations with each other beyond what was necessarily
involved in their becoming joint contractors.   They could
become such without being partners, or establishing through
that relation an authority by which one could 'primarily bind
the other.   (*Alger* v. *Raymond*, 7 Bosw. 418.)   During the
progress of the work, Thornton bought of the plaintiffs a bill
of lumber, which was used in the construction of the house.
Apparently they sold to him and trusted him, and may not
have known, at the time, of the existence or terms of the joint
contract, but they did know that Thornton was a contractor,
building the house for its owner, and that the lumber was to
be used for that construction.   In the end, when the work was
done, something over five thousand dollars remained due from
the owner to the contractors, which he stands ready to pay to
the parties entitled, but the plaintiffs have filed a lien as sub-
contractors, and it turns out that, in order to pay them, not
only is the separate amount coming to Thornton exhausted,.
but a very serious part of that coming to Baur is also required, ·
and the latter resists the foreclosure to that extent, claiming·
that he is not bound to make good Thornton's contract.

We cannot join with the General Term in saying that the
two contractors in the joint adventure were partners, or held
themselves out to the plaintiffs as such.   It may be that even
if Thornton had no primary right to bind Baur upon the lum-
ber purchase upon the principles of agency, which underlie a
partnership relation, yet that he became liable upon the ground
of ratification ; that having accepted the lumber and assented
to its use in performance of the joint contract, and availed
himself of its benefit in earning the contract price, he adopted

Thornton's contract and ratified his action, and that idea seems to pervade the opinion below. But without going to that extent we prefer to sustain the judgment upon the provisions of the lien law solely and alone. That law, to some extent, moves outside of the legal contract relation. It takes up an imperfect equity and regulates and enforces it, although between sub-contractor and owner there is no agreement whatever. Proceeding upon the idea that he who furnishes material for or does labor upon a building should be reimbursed to some just extent out of the improvement of which the owner gets the benefit, it gives him a lien upon the property as security for the proper payment. All that the statute requires as the condition of the lienor's right to such reimbursement is that the labor shall be done upon or the material furnished for the building in process of construction, with the assent of the owner or of the contractors. (Laws of 1885, chap. 342, § 1.) Both conditions were established in this case. The lumber was so furnished and used. It was done with the assent of both contractors. Baur knew that it was supplied for use in the performance of the joint contract; saw it so used, not only without objection, but availing himself of it *pro tanto* in earning the contract price; consciously took the benefit which it conferred, and so assented to its supply. Under the joint contract and relatively to the right of the owner, Baur was as much bound to furnish it as Thornton, and might have been obliged to furnish it himself if Thornton had not. It is, therefore, impossible to deny that the plaintiffs furnished the lumber used in construction and applied in the due performance of the joint contract, with the assent of the contractors, not merely of one, but of both, and so the conditions existed which, under the law, gave the sub-contractor a lien for the amount of his debt upon the unpaid portion of the contract price. If, as a consequence, Baur suffers for Thornton's default, that is the consequence of his joint contract and of the position in which he suffered himself to be placed. We are, therefore, of the opinion that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.