72   417
149a 595

LEONARD VOGEL and FRANK BINDER, Respondents, *v.* VALENTINE F. WHITMORE and Others, and ROCHESTER GERMAN BRICK AND TILE COMPANY, Appellants, Impleaded with LYMAN M. OTIS and Others, Respondents.

*Mechanic's lien — severance of a building contract with joint contractors — division of the work between the contractors — lien for materials furnished to one of the contractors.*

A landowner entered into a contract with two persons who agreed to construct a building for him on his premises for a specified sum, whereby they became joint contractors, each liable to the owner for the proper performance of the contract, but not copartners or agents for each other so that one could bind the other; the two contractors subsequently entered into a further agreement between themselves by which one was to do the mason work and the other the rest of

the work called for by the contract, fixing the amount that each should receive out of the contract price.

*Held,* that their interests were thereby severed and each became a sub-contractor under the joint contract;

That a material man who supplied material to the sub-contractor for the mason work, relying solely upon his interest in the contract, could acquire a statutory lien therefor only to the extent of the amount coming to such contractor under the contract, and could not, by a prior filing of a notice of lien, acquire a lien upon the portion of the contract money coming to the other contractor, superior to that of a person who had furnished material to such latter contractor.

Appeal by the defendants Valentine F. Whitmore and others, and the Rochester German Brick and Tile Company, from a judgment of the Supreme Court, entered in the office of the clerk of Monroe county on the 28th day of February, 1893, upon a decision rendered after a trial by the court at the Monroe equity term.

*Abram Benedict,* for the appellants.

*F. E. Drake,* for the respondents.

Haight, J. :

This action was brought to foreclose a mechanic's lien.

On the 21st day of March, 1892, the defendant Jacob J. Augustin entered into a contract, in writing, with the defendants Isaac McNeil and John Kleinow to construct for him certain buildings upon his premises in the city of Rochester for the sum of $11,800. Upon the making of such contract the defendants McNeil and Kleinow agreed between themselves that Kleinow, who was a mason, should do all the mason work upon the building, and furnish the material therefor, and that he should receive out of the contract price the sum of $5,210, and that the defendant McNeil, who was a carpenter, should do all of the remainder of the work, and should receive therefor the balance of the contract price. The defendants McNeil and Kleinow each performed their part of the contract, and have each been paid in full the contract price, with the exception that there still remains due and owing to defendant Kleinow $660, and to defendant McNeil $3,731.58, making a total of $4,391.58, which sum the defendant Augustin has paid into court to abide the result of this action. It further appears that the defendant Kleinow purchased of the firm of Whitmore, Rauber & Vicinus materials

amounting to the sum of $694.46, and of the Rochester German Brick and Tile Company materials amounting to the sum of $1,519, which he used in the construction of his part of the building, and that on the 8th of August, 1892, liens were duly filed by these defendants for the amount of their respective claims.

The trial court has found as facts " that the sale of the materials by the said Whitmore, Rauber & Vicinus and the Rochester German Brick and Tile Company to said Kleinow was made by them respectively without any knowledge of the terms of said contract, or that said Isaac McNeil had any interest in said contract, and relying exclusively upon the interest of said Kleinow and the amount he was to receive therefrom, and that the said Whitmore, Rauber & Vicinus and the Rochester German Brick and Tile Company in making said sales gave credit solely to the said Kleinow, relying upon his interest in said contract for payment for their sales."

It further appears that the defendant McNeil purchased of the plaintiffs, who were doing business under the firm name of Vogel & Binder, lumber, sash, doors, blinds and frames, which were used by him in the building, amounting to the sum of $1,187.95; that he also purchased of the defendants Edward Goggin and John W. Knowles, who were doing business under the firm name of Goggin & Knowles, the tin and galvanized iron used by him upon the building, amounting to the sum of $825; that he also purchased of the defendants Lyman M. Otis and Charles H. Moody, doing business under the firm name of L. M. Otis & Co., materials consisting of lumber, etc., which were used in the building, amounting to the sum of $1,856.07, and that upon the 9th day of August, 1892, liens were duly filed by such plaintiffs and defendants for the amount of their respective claims. The amount of the liens so filed more than exceeds the sums remaining unpaid to the defendants McNeil and Kleinow on the contract.

The trial court found as conclusions of law that the defendants Whitmore, Rauber & Vicinus and the Rochester German Brick and Tile Company, acquired a lien to the extent of the $660 still remaining due and owing to the defendant Kleinow, and that the plaintiffs and the defendants Goggin & Knowles and L. M. Otis & Co., acquired a lien to the extent of the $3,731.58 still remaining due and owing to the defendant McNeil.

From the judgment entered thereon the defendants Whitmore, Rauber & Vicinus and the Rochester German Brick and Tile Company, appealed to this court. They claim that inasmuch as their liens were first filed, and that the defendants McNeil and Kleinow were joint contractors, that they are entitled to have their claims first paid in full, and that all over the $660 going to Kleinow should come out of the amount going to McNeil.

The appellants would doubtless be entitled to have this disposition made of the funds were it not for the subsequent agreement made between the defendants McNeil and Kleinow and the equities of others that have come into existence thereunder. (*Pell* v. *Baur*, 133 N. Y. 377.)

But we think the circumstances of this case call for the application of a different rule. If A. should contract with the owner to construct a house upon his premises and should sub-let the mason work to B. and the carpenter work to C., material men supplying B. could acquire no lien upon the premises for more than the amount coming to him. They could not acquire a lien upon that which was going to C. (*Carman* v. *McIncrow*, 13 N. Y. 70; *Lumbard* v. *S., B. & N. Y. R. Co.*, 55 id. 491; *Crane* v. *Genin*, 60 id. 127; *French* v. *Bauer*, 134 id. 548; *Larkin* v. *McMullin*, 120 id. 206; *Hagan* v. *American Baptist Home Mission Society*, 14 Daly, 131.)

The defendants McNeil and Kleinow entered into the contract with Augustin to construct the buildings. They thus became joint contractors, each liable to Augustin for the proper performance of the contract. They were not, however, copartners, or agents for each other so that one could bind the other. The appellants were not parties to the contract, nor have they any contractual relation with either of the parties thereto, excepting Kleinow. After the execution of the contract with Augustin, McNeil and Kleinow entered into a further agreement by which Kleinow was to do the mason work, and McNeil the other work called for by the contract, fixing the amount that each should have therefor. The effect of this agreement was to sever their interests under the contract, and to make each a sub-contractor under the joint contract. The appellants furnished their material to Kleinow without any knowledge of the terms of the contract with Augustin, or of the interest that McNeil had therein, and gave their credit solely to Kleinow, relying

upon his interest in the contract, and, under the rule to which we have referred, their liens are limited to the amount that is coming to him under the contract.   To hold otherwise, would be inequitable, and deprive the other lienors of rights which the statute intended to protect.   Ordinarily the mason work has to be completed first before the carpenter can put in the wood work.   There is, therefore, no difficulty about the masons first acquiring a lien. If they can extend their liens so as to cover that which under the agreement is reserved for the carpenters, the carpenters will stand but a poor show under our Lien Law.   We may assume that the plaintiffs and the defendants Goggin & Knowles and L. M. Otis & Co., who trusted the defendant McNeil for the material furnished to him to enable him to perform his part of the contract, knew of the contract with Augustin, and of the subsequent contract with Kleinow by which it was agreed that McNeil was to have all of the contract price over and above the $5,210 going to Kleinow, and thus knowing his interest in the contract and relying thereon, furnished him with the material with which to perform it.

We do not think that it was within the contemplation of the statute that the creditors of Kleinow should acquire a superior lien to the creditors of McNeil upon the funds going to him.

The case of *Pell* v. *Baur* (*supra*), has been pressed upon us as sustaining the appellants' contention.   We think, however, that case is distinguishable.   The mason and the carpenter submitted separate bids, but when the contract came to be drawn they requested "that their several agreements be merged into one joint contract between them and the owner."   There was no subsequent agreement between them by which they could be regarded as sub-contractors.   The material for which the lien was filed was furnished with the knowledge and consent of both parties, and the contest in that case was as between the lienor and the joint contractors.   Whilst in this the question is as to the rights of the lienors of the respective contractors.

We have carefully examined the evidence and are satisfied that the findings of facts by the trial court are amply sustained.   The equities are with the respondents.   It appears that the members of the firm of Whitmore, Rauber & Vicinus are also stockholders and officers of the corporation, the Rochester German Brick and Tile

Company; that their offices are together and one person keeps the books of the corporation and of the firm, and that the collector of the firm also collects for the corporation; that Kleinow paid to the collector the sum of $1,800, the greater portion of which was money derived under the Augustin contract. This money, instead of being applied upon the material furnished for the Augustin buildings, was credited upon an old indebtedness, in violation of the rights of McNeil and his lienors.

The judgment should be affirmed, with costs.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment appealed from affirmed, with costs.