(7 Misc. Rep. 532.)

### WALKAM et al. v. HENRY et al.

(Superior Court of Buffalo, Trial Term. January, 1894.)

1. MECHANICS' LIENS—MISTAKE IN NAME OF OWNER.

Under Laws 1885, c. 342, § 4, providing that the lien shall state the name of the owner of the premises, but that the failure to state the name of the true owner shall not impair the validity of the lien, a lien which describes the premises of a married woman as owned by the husband will not for that reason be postponed to a lien subsequently filed, which correctly states the name of the owner.

2. SAME—DESCRIPTION OF THE PREMISES.

A lien which describes the premises as situated on the east side of M. street, known and designated as "No. 355," and being the lot occupied by Nos. 353 and 355 on said street, and being about 50 feet frontage on said street, with side lines extending back at right angles therewith, is sufficient where there was a building on the lot, numbered 353, and the building erected on the same lot for which the lien is claimed would, if numbered according to the city ordinance, be designated as "No. 355."

Action by John Walkam, Philip Dohn, and others against Elizabeth M. Henry, Philip J. Male, and others to foreclose a mechanic's lien.

A. Bartholomew, for plaintiffs.
William D. Van Pelt, for defendants.

TITUS, J. This action is commenced to foreclose a mechanic's lien filed by the plaintiffs against the property of the defendant Henry for work and materials furnished in building a house upon her land. Mrs. Henry, the owner, has not appeared in the action, and judgment passed against her by default, so that the amount which is stipulated to be due from her to the contractor, Male, is undisputed. The facts in the case are briefly told. No evidence was taken on the trial, but the counsel stipulated the principal facts in the case, and they also appear in the pleadings, and in statements of counsel on the trial. It appears that the defendant Elizabeth M. Henry, who is the wife of Frederick J. Henry, owned a lot on the east side of Masten street, near Glenwood avenue, on which there was a building, bearing the street number 353. That a contract to erect an additional house on the property was entered into by the defendant Male, and it is for work and material fur-

nished Male in the erection of that building that the liens were created. At the time of filing the liens, the new building, if numbered according to the ordinances of the city, would be designated as "No. 355." On the 21st day of August, 1893, the defendants Knox & Folger filed a lien and served a notice upon Frederick J. Henry, who at that time was occupying one of the houses on the lot. In this lien Frederick J. Henry is described as the owner of the property, and the premises are described as situated on the east side of Masten street, known and distinguished as "No. 355," in the city of Buffalo, county of Erie, and state of New York, and being the lot occupied by Nos. 353 and 355 on said Masten street, and being about 50 feet frontage on said street, with side lines extended back at right angles therewith. That on the 22d day of August, 1893, one day after the defendants Knox & Folger filed their lien, the plaintiffs filed a lien, and served a notice thereof upon the defendant Elizabeth M. Henry, who, it is conceded, was the owner of the premises on which the building was being erected. That the amount claimed to be due for labor and material furnished to the contractor, Male, in the construction of the building, to these lienors, is $539.97. In the plaintiff's lien, Mrs. Henry is described as the owner, and the premises are described as situated on the east side of Masten street, known and designated as "No. 353," in the city of Buffalo, county of Erie, and state of New York, and are known and described as follows:

"Commencing at a point in the easterly line of Masten street 120 feet southerly from its intersection with the southerly line of Glenwood avenue; running thence easterly at right angles with Masten street 45 feet; thence southerly, parallel with Masten street, 34 feet; thence at right angles westerly 45 feet, to Masten street; thence northerly along the said line of Masten street 34 feet, to the place of beginning."

No question is raised but that the description contained in this lien is full, complete, and correct, and that the name of the proper owner is correctly given. It is claimed by the plaintiffs from this state of facts that their lien is prior to the lien of the defendants Knox & Folger, and should be first paid. This raises the question, did the failure to state the name of the true owner in the lien of the defendants Knox & Folger impair its validity so as to give the plaintiffs' lien any priority? Is the description contained in the lien of the defendants Knox & Folger sufficient? By section 4, c. 342, of the Laws of 1885, known as the "General Lien Law of this State," it is provided that the lien filed shall state the name of the owner of the premises against whose interest the lien is claimed; "but a failure to state the name of the true owner, lessee, general assignee, or person in possession, shall not impair the validity of the lien." It would seem from the language of the statute that it was designed to protect the person seeking to establish his lien against any mistake as to the ownership of the property; and if, by inadvertence, or inability to learn the true owner of the premises, he places the ownership in the wrong person, he shall not thereby be deprived of the benefit which the statute was designed to give in protecting material men and laborers against loss. But the courts

have, it seems to me, settled the question beyond controversy; and in cases like the one under consideration it has been held that such omission does not affect the validity of the lien, and that it may be enforced, notwithstanding the name of the true owner is not given. Schmalz v. Mead, 125 N. Y. 188, 26 N. E. 251. In this case, Mrs. Mead, the defendant, was the owner of the property on which the work was done, and for which the materials were furnished; but the notice of lien described George W. Mead, her husband, and another, as owners. It was held by the court that the provision of the statute which provides that a mistake in the name of the owner shall not defeat the lien cured the defect in the notice of the lien, and it was upheld against the true owner. In Spruck v. McRoberts, 19 N. Y. Supp. 128, where the name of the true owner was not stated in the notice of lien, the general term of the supreme court in the second department, following the case of Schmalz v. Mead, supra, held that the statute which provided that the failure to state the name of the true owner shall not affect the validity of the lien cured the defect, and the notice was held sufficient. I have examined the case in' 52 N. Y. 346 (Moran v. Chase), cited by the plaintiffs' counsel, but it does not seem to be authority for the position taken by the plaintiffs, as the facts are not parallel to those in this case, and the action arose under a statute in which there was no saving clause, as in the statute of 1885. I do not think, on reason or authority, that the plaintiffs' position is tenable. The statute is a remedial one, and is to be construed so as to secure the purposes and benefits contemplated by it.

The same section 4 of the act requires such lien to contain a "description of the property to be charged with the lien, sufficient for identification, and if in a city or village, the situation of the building, or buildings, by street and number, if the street and number be known." It is evident that the statute does not necessarily contemplate a full and complete description of the property to be affected if the description is sufficient for identification and location of the property. It is not questioned that the description correctly gives the location of the property, street, and number, and that is all the statute requires. If a more accurate description is necessary to enforce a judgment, it may be made from the description given in the notice of lien. The premises are correctly located by number and street, while the metes and bounds are not correctly given, yet the location of the property is so definite and certain as that it comes within the statutory description "sufficient for identification." In Donnelly v. Libby, 31 N. Y. Super. Ct. 286, it was held that, where the lien described premises as on the westerly side of Fourth avenue, known as "No. 370," it was a sufficient description, and the lien could be enforced for labor and material furnished for the premises thus described. It seems to me that the description of the premises is sufficient, especially in view of the provisions of the statute that it need only be sufficient for identification; and, as has been said, the premises can be easily identified. It follows, therefore, that the lien filed by defendants Knox & Folger on the 21st day of August, 1893, is a first and prior lien, and should be

first paid out of the moneys remaining in the hands of Elizabeth M. Henry, which is conceded to be $468.30; that, after the payment of the claims of the defendants Knox & Folger of $220.29, with interest from the date of filing the lien, the lien of the plaintiffs, which is the second lien, together with interest from the date of filing the lien, shall be paid out of the balance remaining in the hands of Elizabeth M. Henry, to the extent of such balance, and, in case such balance is insufficient to pay the lien of either or both of the lienors, then that they have judgment for any deficiency against the defendant Philip J. Male.   The sum of $60 is allowed to the plaintiffs, and a like sum to the defendants Knox & Folger, in full for their costs in this proceeding, and that, before either of said liens are paid, the amount of such costs shall be first paid to the attorneys of the respective parties.   Let judgment be entered accordingly.

