(10 Misc. Rep. 185.)

HANKINSON v. RIKER et al.

(Common Pleas of New York City and County, General Term.    November 5, 1894.)

1. PAROL EVIDENCE—STRANGER TO WRITING.

Where the owner of a building gives a written consent to the making of alterations by the lessee, who thereupon employs plaintiff for that purpose, plaintiff is not a stranger to such writing, but claims under it; and therefore parol evidence is not admissible to vary it in an action against the owner to enforce plaintiff's lien for the work done.

2. MECHANICS' LIENS—CONSENT OF OWNER—CONSIDERATION.

An agreement by a lessee to leave the alterations which he might make on the premises is a sufficient consideration for the consent by the owner to the making of the alterations, though it does not appear that the property was increased in fee value, or that the owner received any increased rent, in consequence of the alterations.

3. SAME—NOTICE—NAME OF OWNER.

A notice which states that "the name of the person against whose interest a lien is claimed is the said W., the lessee of the premises herein described, and those claiming under him," but does not state the name of the owner of the fee, or that it is sought to change the fee interest, is insufficient as against the owner of the fee.

4. SAME—MISTAKE IN NAME OF OWNER.

A notice of lien on premises owned by A. and leased to B., which states that "the name of the owner, or reported owners, against whose interest a lien is claimed," is A. & Sons and B., attempts to charge the owner of the fee, though under a wrong name, and is therefore within Laws 1885, c. 342, § 4, which provides that a failure to state the name of the true owner shall not impair the validity of the lien.

5. SAME—SUBSEQUENT PURCHASER.

A lien does not attach to a leasehold, as against one who purchased after the work was done, but before notice of lien was filed.

Appeal from special term.

Action by William A. Hankinson against William H. Riker, W. B. Riker & Son Co., Amy E. Vantine, John Dimond, Otis Bros. & Co., and others, to foreclose a mechanic's lien on certain property in which defendants were severally interested as owners, lessees, lienholders, etc. There was a judgment in favor of plaintiff, and defendants Vantine, Margaret A. Dimond as executrix, and Otis Bros. & Co. appeal. Modified.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Lockwood & Hill, for appellant Vantine.

Strong & Cadwalader, for appellant Dimond, and respondent Hankinson.

Butler, Stillman & Hubbard, for appellants Otis Bros. & Co.

T. J. Farrell and Dennis McMahon, for respondent W. H. Riker.

James McKeen, for respondents W. B. Riker & Son Co.

John J. Adams, for respondent Comyn.

BOOKSTAVER, J.    This is an action by the plaintiff to foreclose a mechanic's lien claimed by him against the property of the defendant Amy E. Vantine, known as "355 Sixth Avenue," and of William B. Riker, known as "353 Sixth Avenue." Various others, lessees of the property and claimants to liens upon the same, are named as defendants, and appear upon this appeal as appellants or respond-

ents, but the question that will be first considered is that between the plaintiff and the defendant Vantine. The services and materials for which plaintiff is seeking compensation were furnished in making alterations in the above-named buildings under the following circumstances: Defendant William H. Riker, who already held a lease of No. 353 Sixth avenue, secured an assignment to himself of an existing lease of the adjacent building, No. 355, in order to enlarge his drug store by throwing the two into one. At the time of the assignment, defendant Vantine gave the following consent as to alterations:

"And I do hereby further consent that the said Riker * * * shall have the right to make alterations and improvements to said premises, such alterations and improvements to become part of said premises, and to remain thereon at the expiration of said lease, as the property of the owner of the said premises at the time."

—And had received the following agreement from Riker in exchange:

"And I do hereby further covenant and agree with Amy E. Vantine that, whatever alterations shall be made by me on said premises, I will, at the expiration of said lease, either leave the same thereon, or will restore said premises to its present condition, if the said Amy E. Vantine shall so require the same to be done.* * *"

He thereupon engaged the plaintiff to make extensive alterations upon the two buildings for the purpose of throwing them into one, so far as the interior was concerned, and of giving them an exterior appearance of unity. The total expense of these changes was found by the referee to be $8,002.03, and 60.59 per cent. of this amount was charged to the building of Miss Vantine. Judgment against her was entered for costs and for $2,418.44, which was found to be her proportionate share, upon the above basis, of the total expense, after deducting certain payments on account made by Riker, the tenant. Her defense is that she had conversations with Riker at the time of the execution of the above consent, and was then informed and understood that the changes were to consist of the erection of an arch between the two buildings upon the first floor, and an elevation of the ceiling of the same floor, and that her consent was limited to such alterations, the cost of which would have been far less than the amount which was spent. The sixteenth finding of the referee was as follows:

"That the said Amy E. Vantine was in a position, before signing the agreement aforesaid, to ascertain the full particulars of the work which the said William H. Riker proposed to have done upon her said building, and the cost of the same. Precisely how far she did make inquiries, and how full was the information she received, is not conclusively shown by the evidence, and is regarded by the referee as immaterial, as the said Amy E. Vantine could have ascertained every detail, and might have refused her consent to the making of the alterations until she was furnished with detailed plans and specifications of the work and estimates of the cost."

It is urged that the referee here committed error in refusing to pass upon a material issue. But it should be observed that the issue was to restrict the meaning of the comprehensive language of a writing, and to this end parol evidence is, as a rule, incompetent.

The only evidence offered was oral testimony as to conversations preceding the execution of the instrument, which was objected to, and admitted by the referee, but with the restriction, as he said at the time, that it could not be used for the purpose of varying the writing. This restriction was correct, we think, because the language is not such as is explainable between the parties, nor does the plaintiff stand in the relation of a stranger to it. As was said by this court in Spingarn v. Rosenfeld, 4 Misc. Rep. 523, 527, 24 N. Y. Supp. 733, it is only when the right asserted is independent of, and not growing out of, the instrument, or does not originate in the relations established by the instrument, that the effect of the writing may be varied by parol evidence. Here the plaintiff claims directly through the contract. As no competent evidence was offered to limit this written consent of Miss Vantine, no harm was done in giving full effect to the same, although the broad language of the finding would make it appear that the result may have been reached upon a wrong theory.

It is also argued that the basis of a mechanic's right to a lien is an equity, viz.: that the owner, who has been benefited by labor and material, shall be liable for the value of the same (Pell v. Bauer, 133 N. Y. 382, 31 N. E. 224); and that this basis is wanting here because it does not appear that the property was increased in fee value, nor did the owner receive any increased rent as an inducement to, or a consideration for, her consent to the assignment. In reply, it is sufficient to say that Riker's agreement to leave all alterations as a part of the property, if the owner so elected, at the expiration of the leasehold period, and his other agreements in the instrument, were stated to be in consideration of Miss Vantine's consent to the assignment to him.

The appeal of Otis Bros. & Co. as against William B. Riker, the owner of 353, is not well grounded. Their notice of lien states that "the name of the person against whose interest a lien is claimed is the said William H. Riker, the lessee of the premises herein described, and those claiming under him, to wit," etc. The notice nowhere mentions the name of the owner of the fee nor intimates that it is sought to charge the fee interest. But their appeal, as against defendant William H. Riker, is good, and personal judgment against him for $2,000, with interest and costs, should have been rendered. The findings necessary to such a judgment were made by the referee at folio 602, and section 15 of the act provides for such a judgment, although no lien is established.

The appeal of defendant Dimond rests on rather different and better ground. True, his notice of lien states that "the names of the owner, or reported owners, against whose interest a lien is claimed, is W. B. Riker & Son and William H. Riker; that the name of the person by whom the claimant was employed, and to whom he furnished such materials, is William B. Riker & Sons." Here was evidently an attempt to charge the owner of the fee, albeit under a wrong name. Section 4 of the act,[1] however, expressly provides that

1 Laws 1885, c. 342; 4 Rev. St. (8th Ed.) p. 2695.

a failure to state the name of the true owner shall not impair the validity of the lien; and in Schmalz v. Mead, 125 N. Y. 188, 26 N. E. 251, the court said: "The statute provides that a mistake in the name of the owner shall not defeat the lien"; and in Walkam v. Henry, 7 Misc. Rep. 532, 27 N. Y. Supp. 997, it was said: "It would seem, from the language of the statute, that it was designed to protect the person seeking to establish his lien against any mistake as to the ownership of the property; and if, by inadvertence, or inability to learn the true owner of the premises, he places the ownership in the wrong person, he shall not thereby be deprived of the benefit which the statute was designed to give." This is just such a case. That the claimant was uncertain as to the name of the owner is shown by his use of the word "reported." The defendant W. B. Riker argues that as "owner," under the act, includes a lessee, and the names used in the notice of lien are those of the lessee (W. B. Riker & Son being the statutory name under which W. H. Riker continued the business), it must therefore be concluded that the interest sought to be charged was the leasehold. We think, however, that "owner," as used in the notice, should be taken in its ordinary sense of owner of the fee. True, a much broader significance is expressly given to the term "owner" by section 1 of the act; but this is only for the purpose of explaining the act by defining the term as used therein, and does not attempt to give a new and different meaning to the word when used by parties to a proceeding under the act. Such a construction would be contrary, not only to a fair interpretation of section 1, but also to section 25, which explicitly declares that the act is to be construed "liberally, to secure the beneficial interests and purposes thereof." The facts necessary to sustain the lien were sufficiently found, we think, particularly in findings 38, 39, 40, 41, and 42, at folios 321–329. W. B. Riker's consent is not distinctly found, but the evidence warrants such a finding, and the case contains a certificate that all the evidence is printed therein.

The appeal as against respondents Marshall, Bolton, Runyon, and Cahoun, and their successors, the present owners of the leasehold, the William B. Riker & Son Company, is not well taken. At the time the above four individuals secured the assignment of the leasehold, no lien had been filed. They made careful search of the records, and it is undisputed that they paid a full value in good faith. The claim that the leasehold passed to them subject to the obligations of William H. Riker, their assignor, to various mechanics, for improvements made to the property, is not valid. The ground of the claim is that property may not only be subject to a lien, but also to an inchoate right to a lien, although no steps have been taken to consummate the same. No authority in support of such a contention has been presented, nor do we find good basis for it in reason. So far as Miss Vantine's relations to these respondents are concerned, her subsequent assent to the assignments made to and by them must be regarded as a waiver on her part of any objection to their violation, if any there was, of the covenant not to assign.

The judgment should therefore be affirmed, with costs of this appeal to the respective respondents, and against the respective appel-

lants who have taken appeals herein against them, except that the judgment should be modified to the extent of entering a personal judgment against William H. Riker in favor of Otis Bros. & Co. for the amount found due them by the referee, with interest, but without costs to either party as against the other, and except that the judgment should be reversed as to the appellant Margaret A. Dimond, and a new trial of issues, as between her and the defendants William B. Riker and William H. Riker, should be ordered, with costs of this appeal to the appellant Dimond, to abide the event.    All concur.