# 𝕮𝖆𝖘𝖊𝖘

# FIFTH DEPARTMENT

AT

# GENERAL TERM,

## 𝕵𝖚𝖓𝖊, 1895.*

BERTHA W. BERRY, Appellant, *v.* DANIEL GAVIN and Others, Respondents.

*Failure of an agent to disclose his agency — mechanic's lien — incorrect statement in the notice as to ownership — the interest of one who consents to the work is covered by the lien.*

The fact that an agent who agreed to repair a building did not disclose his agency and the name of his principal, is of no importance in an action brought by such principal to foreclose a mechanic's lien filed to secure the amount due under such contract.

Upon the trial of an action brought to foreclose a mechanic's lien it was shown that the contract, for doing the work under which the lien was claimed, was made with one of the two persons who were in possession of the premises, by virtue of an equitable title thereto as vendees under a contract of sale; the vendor named in such contract of sale thereafter conveyed the premises to that one of the persons in the possession thereof who did not make the contract for the work, and to his wife, with the consent of the other contract vendee who contracted to have the work done. The person who made the contract for the work in making the same acted for himself and his co-vendee, and the grantees named in the deed were cognizant of the performance of the work as it progressed. The notice of lien, filed subsequent to the date of the conveyance, named as the owners of the property the two persons in the possession thereof at the time the contract was made.

*Held,* that the incorrectness of the statement as to the ownershi_ the property did not vitiate the notice or defeat the lien;

That as the work was performed with the consent of the wife of the vendee, who was named as one of the grantees in the deed, it was sufficient to bring her interest within the operation of the lien.

---

* The other cases of this term will be found in volume 87 Hun.— [REP.

HUN —VOL. LXXXVIII.    1

APPEAL by the plaintiff, Bertha W. Berry, from a judgment of the County Court of Erie county in favor of the defendants, entered in the office of the clerk of the county of Erie on the 12th day of November, 1894, upon the decision of the court dismissing the plaintiff's complaint upon the merits

*Herve Isbell* and *Philip A. Laing*, for the appellant.

*George M. Osgoodby*, for the respondents.

BRADLEY, J.:

The purpose of the action was the foreclosure of an alleged lien and for other relief, founded upon a claim for labor and materials, and a notice of lien filed in the Erie county clerk's office.

It appears that Stephen R. Berry, husband of the plaintiff, made with the defendant Lobee the contract, which was made to perform the work of repairing the building upon the premises in question. It does not appear that any formal decision was made by the County Court. But in a brief memorandum of the judge the chief ground indicated for the result is that it did not appear that the wife had such relation to the claim as was necessary to enable her to prosecute the action as plaintiff.

The evidence, however, was such as to fairly require the conclusion that as between the husband and the plaintiff he made the contract and caused the work to be done as her agent, pursuant to a written agreement and power of attorney. He appeared as a witness in her behalf on the trial. The fact that he did not disclose his agency or the name of his principal has, so far as appears, no importance in the present case. (*Ludwig* v. *Gillespie*, 105 N. Y. 653.)

The defendants, however, cannot be prejudiced in their legal rights as against the husband arising out of his apparent relation to the contract and the work performed, but they are available in the action brought by the plaintiff as the principal. The contention of the defendants' counsel, that the cause of action as alleged in the complaint is not founded upon the notice of lien which was filed, is not supported.

The notice of lien is fully set forth in the complaint by a copy annexed. If there were any matters alleged in the complaint not

consistent with or permitted by the notice of lien they appeared on the face of the pleading.

There was no such variance between the allegations in the complaint and the notice of lien as to deny to the plaintiff the benefit of the latter in the action if the facts proved supported the claim founded upon it.

The contract to do the work was made in June, 1893. At that time the defendants Bart Lobee and Daniel Gavin were in possession of the premises having the equitable title to them as vendees in a contract of date May 1, 1893, made with them by Austin R. Preston as vendor. He by deed of date July 1, 1893, conveyed the premises to the defendants Daniel Gavin and Sarah A. Gavin (his wife). This was evidently done with the consent of Lobee. In making the agreement with Berry, Lobee acted for himself and Gavin, and they, with the wife of the latter, were cognizant of the performance of the work as it progressed.

The notice of lien was filed November 15, 1893, and in it the defendants Daniel Gavin and Lobee were named as the owners and persons in interest. The incorrectness of that statement did not vitiate the notice or defeat the plaintiff's lien. (Laws 1885, chap. 342, § 4.)

The work seems to have been performed with the consent of the defendant Sarah A. Gavin as well as of the other defendants which was sufficient to bring her interest within the operation of the lien. (Id. § 1; *Schmalz* v. *Mead*, 125 N. Y. 188; *Pell* v. *Baur*, 133 id. 377.)

It is now urged on the part of the defendants that the notice of lien was not filed within ninety days after the performance of the work as required by the statute. (Laws 1885, chap. 342, § 4.) No such question seems to have been raised upon the trial nor is it suggested in the memorandum of the county judge.

There is, however, some evidence tending to prove that the work was finally completed within that time.

The complaint was dismissed at the close of the plaintiff's evidence.

The facts which that tended to prove were sufficient to put the defendants upon their defense. We do not consider the questions which may finally arise upon the merits.

The judgment should be reversed and a new trial granted, costs to abide the event.

LEWIS and WARD, JJ., concurred.

Judgment reversed and new trial in Erie County Court granted, costs to abide the event.