(14 Misc. Rep. 522.)

### STROEBEL v. OCHSE.

(Common Pleas of New York City and County, General Term. December 2, 1895.)

MECHANICS' LIENS—JOINT CONTRACT—SEPARATE LIENS.

    Where two contractors jointly undertake mason and carpenter work, and subsequently agree, with the owner's assent, that they will divide the compensation and the work, and each pay his own men, each may enforce a separate lien as a subcontractor.

Appeal from judgment on report of referee.

Action by Caspar Strobel against John Ochse, impleaded, etc. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.,

Wilson, Barker & Wilson, for appellant.

Samuel Mullen, for respondent.

DALY, C. J.    Stroebel, the plaintiff, and one Schreiber, who were not copartners, signed a contract with the defendant, Ochse, to do the mason, carpenter, and plumber work upon No. 297 East Tenth street for the sum of $1,325; but immediately after the signing of the contract it was agreed between all the parties that Stroebel was to get $500 for the masonwork, and pay his men, and Schreiber was to get the balance, and pay his men.    The effect of this division of the work, while it did not affect the joint liability of Stroebel and Schreiber for the due performance of their contract, was to constitute each of them subcontractors under the joint contract. Vogel v. Whitmore, 72 Hun, 417, 25 N. Y. Supp. 202.    Being sub-contractors, each had the right to file a separate lien for the amount due him, and this is what the plaintiff, Stroebel, did, and commenced this action to foreclose it.    His action was dismissed on the ground that he should have filed a joint lien with Schreiber, because the evidence showed a joint contract, and that no alteration of the contract with defendant's consent had been made.    It is not certain that the consent of the defendant to the division of the work or severance of the contract need be shown to give the plaintiff, under his agreement with Schreiber for a division, the rights of a subcontractor.    But in this case the defendant's assent was proved, and so that objection was out of the way.    As a subcontractor, Stroebel was not bound to file a joint lien with Schreiber.    It was necessary, of course, to prove the due completion of the work under the joint contract, and this he did.    As Schreiber was made a party defendant to the action, the defendant was amply protected, and any defense against his joint contractors was available to him.    A prima facie case for recovery was made out, and the complaint should not have been dismissed.

Judgment reversed, new trial ordered, with costs to abide the event.    All concur.