## DI MENNA et al. v. CITY OF NEW YORK et al.

### (Supreme Court, Special Term, New York County. April 21, 1908.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—CONTRACTS — LIEN ON
FUNDS DUE CONTRACTOR—PRIORITIES.

Where plaintiffs agreed with contractors to furnish the labor and material for a city improvement as a joint enterprise, under the direction and financial backing of F., who had an interest in the contract, and certain materialmen furnished materials to plaintiffs with the knowledge and approval of F., the materialmen's liens on the funds in the city's hands applicable to the contract had priority over plaintiffs' lien.

Action by Michael Di Menna and others, copartners, against the city of New York and others, to foreclose a mechanic's lien. Judgment fixing the priority of liens, and for plaintiffs on an accounting.

Berry & Davis, for plaintiffs.

Francis K. Pendleton, Corp. Counsel (John L. O'Brien, of counsel), for defendant city of New York.

Blandy, Mooney & Shipman, for defendants Gallo & Pitelli.

Early, Weaver & Early, for defendant John Bell Co.

Henry W. Jessup, for defendant Franklin Contracting Co.

Foley & Martin, for defendant Sweeney.

DAYTON, J. This is an action to foreclose a mechanic's lien. On October 20, 1905, Gallo & Pitelli contracted with the city to furnish material and build steps at West 177th street and Sedgwick avenue, in the city of New York. On January 10, 1906, Di Menna Bros. (plaintiffs) agreed with Gallo & Pitelli to furnish the labor and materials for said work according to the plans and specifications, payments to be made as follows: Seventy per cent. when the engineer's certificates were issued, and 15 per cent. more, or 85 per cent. in all, when the work was entirely completed. Compensation for work completed at the date of the agreement was to be deducted from such payments. Subsequently this agreement was modified to the extent that Di Menna Bros. should receive the full amount as shown by the certificates for granite used in the work. On January 23, 1907, plaintiffs filed a lien for $2,274.19. On January 23, 1907, the Franklin Contracting Company filed a lien for $935, which was reduced on the trial by consent to $905. On February 15, 1907, Peter B. Sweeney filed a lien for $500. It was proved and conceded at the trial that Henry E. Fox, acting on behalf of Gallo & Pitelli, had absolute charge of all this work, with a one-third interest in the contract—that he was virtually to finance the transaction. Mr. Fox testified that after Di Menna undertook the work he came to him (Fox) and asked financial assistance to carry it on, and that he (Fox), acting on behalf of Gallo & Pitelli, agreed to and did advance about $5,500. The final certificate is dated January 25, 1907, and shows in the hands of the city a balance of $2,511.21, after deducting for 81½ days of overtime, at $5 a day—in all the sum of $407.50. The certificate also shows the retention of $1,303.94 as security for repairs, to be made, if required, within a period which expired January 5, 1908. It further appears that the estimated cost of such re-

pairs will not exceed $50, so that there now remains to the credit of the contract the sum of $3,765.15 at least, without considering whether or not the city is justified in retaining the $407.50 for overtime. There is no controversy as to the form of or amounts due on the liens of the Franklin Contracting Company and Peter B. Sweeney. It is claimed that Mr. Fox, acting for Gallo & Pitelli, paid to and advanced for plaintiffs' account on this work sums in excess of the balance in the hands of the city on the contract. Plaintiffs claim $1,957.78 on their lien.

The first question is as to-the priority of the liens. The facts in Pell v. Bauer, 133 N. Y. 377, 31 N. E. 224 (which so far as I am aware has not been distinguished or modified), seem to me sufficiently analogous to those in the case at bar to warrant the application of the principles there stated. In that case the court said:

"All that the statute requires as the condition of the lienor's right to such reimbursement is that the labor shall be done upon or the material furnished for the building in process of construction with the assent of the owner or of the contractors. * * * Bauer (a contractor with Thornton) knew it (the material) was supplied for use in the performance of the joint contract; saw it so used, not only without objection, but availing himself of it pro tanto in earning the contract price; consciously took the benefit which it conferred, and so assented to its supply. * * * It is therefore impossible to deny that the plaintiffs furnished the lumber used in construction and employed in the due performance of the joint contract with the assent of the contractors, not merely of one, but of both, and so the conditions existed which under the law gave the subcontractor a lien for the amount of his debt upon the unpaid portion of the contract price."

So here plaintiffs agreed with Gallo & Pitelli to engage in this contract as a joint enterprise, under the direction and with the financial backing of Mr. Fox, who had an interest in the results thereof. The Franklin Contracting Company and Mr. Sweeney made their contracts with the plaintiffs undoubtedly with the knowledge and approval of Mr. Fox.

The learned counsel for the defendants Gallo & Pitelli contends that the plaintiffs should be regarded as independent subcontractors, and that until it is shown that Gallo & Pitelli are indebted to them the other lienors may not be paid out of the funds in the hands of the city. The authorities cited by him, in my opinion, do not contravene the principles laid down in Pell v. Bauer, supra, and I know of no provision of the statute which, on the facts in this case, forbids the equitable determination which I have reached.

The next question is as to the accounting between the plaintiffs and Gallo & Pitelli. The items are numerous and the evidence is conflicting. After careful consideration of all the testimony and the exhibits in the case, I find that the plaintiffs are entitled to the sum of $1,178.78 from Gallo & Pitelli, in accordance with a detailed statement which is filed herewith. The fund of $3,675.15 will be disposed of as follows: To the Franklin Contracting Company, $905; to Mr. Sweeney, $500. This total of $1,405 should be charged against the plaintiffs, leaving them indebted to Gallo & Pitelli for the difference between $1,178.78 and $1,405, to wit, the sum of $226.22, which may be set off against the sum of $805 due to the plaintiffs from Gallo &

Pitelli in action No. 2. Judgment accordingly, with $50 costs and disbursements to the plaintiffs, and the same sum, with disbursements to the Franklin Contracting Company, also the same sum, with disbursements, to Mr. Sweeney, all of said costs and disbursements to be paid by defendants Gallo & Pitelli.

Settle findings and judgment upon notice.