SUNSHINE v. MORGAN et al.

(Supreme Court, Appellate Term. November, 1902.)

1. MECHANICS' LIENS—REPAIRS FOR TENANT.

One who made repairs under contract with the tenant, who, under his lease, was required to make all repairs, is not entitled to a lien on the premises, as for improvements with the consent of the owner, though the owner knew the work was being done.

¶ 1. See Mechanics' Liens, vol. 34, Cent. Dig. § 80.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Isaac Sunshine against Thomas Morgan and others to foreclose a mechanic's lien. From a judgment for defendant Morgan, plaintiff and defendant Fischer appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and BLANCHARD, JJ.

Maas & Goldberg (Victor Goldberg, of counsel), for appellant Sunshine.

Ernest Cheltick, for appellant Fischer.

McCurdy & Yard (John Yard, of counsel), for respondent Morgan.

MacLEAN, J. Of the parties defendant Morgan was the owner and lessor, Shea the lessee, and Fischer a subsequent lienor. Sunshine was the first lienor. In a lease of certain premises by Morgan, dated September 4, 1901, for a term of five years from November 1st of that year, Shea agreed, at his cost and expense, to make all repairs, both external and internal, including the roofs and sidewalk, during the term, and in consideration of this covenant and its performance, Shea was given possession on the 4th of September, and had his rent reduced to $400 for the first year. Sunshine and Fischer, under engagement by Shea, did repairing, furnishing material and labor, upon the building, which had been injured by fire. Judgments have been rendered in their favor against Shea. The question upon this appeal is whether the plaintiff is entitled to a lien upon the premises as one who has performed labor and furnished material for the improvement of the property with the consent of the owner.

Before the lease was executed, Mr. Shea said that he would have to paint and plaster the building throughout, change partition, flooring, and staging, and paint the exterior. Mr. Morgan said he wanted to see the plans, so that he would know his building was not injured. The plans were submitted and approved. Then, with the plans lying in his desk, Mr. Morgan signed a lease containing the provision noted above. He wanted to see that the repairs were done properly, so as not to have trouble with the department, and hoped everything would go along smoothly; that Shea would go right to work at it, and finish it up; but he declined to sign an application to the building department, saying Mr. Shea must make his own repairs himself, and pay for them. Both lienors had all their transactions with the defendant Shea. Neither saw nor had any communication with the defendant owner until after the work was done, excepting that Sunshine, when at work at the premises, saw him, was asked what would be on the wall, and said, "We will put burlap on the wall." The consent of the owner to the performance of the labor or the furnishing of material by either lienor cannot be spelled out of this. "Mere acquiescence in the erection or alteration with knowledge is not sufficient evidence of the consent which the statute requires. There must be something more. Consent is not a vacant or neutral attitude in respect of a question of such material interest to the property owner. It is affirmative in its nature." De

Klyn v. Gould, 165 N. Y. 282, 287, 59 N. E. 95, 80 Am. St. Rep. 719. Counsel for the appellant here urges that his position is within the ruling in National Wall Paper Co. v. Sire, 163 N. Y. 122, 57 N. E. 293. In that case, however, the tenant was under no obligation to make the improvement, and, before he engaged the contractor to make it, he conferred with the lessor, exhibited him a specimen room, and told him he ought to pay part of it. Moreover, that lessor was in attendance during the progress of the work, and frequently expressed his admiration and approval. The claims of both lienors were properly dismissed.

Judgment affirmed, with costs to the respondents.

FREEDMAN, P. J., concurs.

BLANCHARD, J. (concurring). The appellant argues with great strenuousness the case of National Wall Paper Co. v. Sire, 163 N. Y. 122, 57 N. E. 293, claiming that by reason thereof there should be a reversal of the judgment. That case has been materially limited in the recent case of Rice v. Culver, 172 N. Y. 60, 64 N. E. 761. In distinguishing the National Wall Paper Case, Judge Cullen says:

"The landlord supervised and directed the performance of the work. His acts and conduct were such as to authorize the finding by the trial court that he actually participated in procuring the work to be done. This case is barren of the features alluded to. The appellant exercised no control or supervision over the performance of plaintiff's contract."

There is no proof in the present case of any control or supervision exercised by the defendant Morgan. I concur in the opinion of Mr. Justice MacLEAN that the judgment of the lower court was right.