ÆTNA ELEVATOR COMPANY, Appellant, *v.* RICHARD
DEEVES, FERDINAND KURZMAN and HENRIETTA KAHN,
Respondents.

(Supreme Court, Appellate Term, February, 1908.)

Mechanics' liens: Nature of claim sufficient to support lien — Improve-
ments, what constitute; Consent of owner — Consent to improve-
ments by tenant.

The term " improvement," when used in the Lien Law (L. 1897,
ch. 418), includes the erection, alteration, or repair of any struc-
ture upon, connected with, or beneath the surface of, any real
property.

Section 3 of the Lien Law, which provides that a contractor or
materialman who performs labor or furnishes materials for the
improvement of real property with the consent or at the request
of the owner thereof shall have a lien therefor, requires either
that the particular repairs be specifically provided for in the lease
or that the owner shall expressly consent to or request the par-
ticular repairs made, or that, with a knowledge of the employ-
ment and its purpose, he shall acquiesce therein; and a covenant
by a tenant to keep the leased premises in good order and repair
during the term does not constitute the " consent " on the part of
the landlord required by said section.

MOTION for a reargument or for leave to appeal.

Prince & Nathan, for appellant.

Kurzman & Frankenheimer, for respondents.

GILDERSLEEVE, J. An appeal in this case was argued at the October term, 1907, and the judgment affirmed.* The plaintiff-appellant moves for a reargument or for leave to appeal. The opinion heretofore handed down, setting forth the reasons for the decision, contains a fallacious argument. The error in question appears in the last two sentences of the opinion, which are as follows: " There seems to be a sharp distinction between ' improvements ' and ' repairs,' and the statute refers only to ' improvements ' in its provision under consideration. The lien, therefore, should not be allowed, as defendants neither required nor consented to the making of improvements by the lessee in the sense contemplated by the statute." In this connection section 2 of the Lien Law was overlooked. It reads as follows: " 2. Definitions. * * * The term ' improvement ' when so used (referring to its use in the Lien Law) includes the erection, alteration, or *repair* of any structure upon, connected with, or beneath the surface of, any real property and any work done upon such property, or materials furnished for its permanent improvement." This section seems clearly to provide for repairs as well as improvements, and it was error to attempt a distinction. The defendants were the owners of certain real property on Fourth avenue and Seventeenth street in this city, known as the " Everett House." In March, 1906, said owners gave to a corporation called the " Everett House Company " a written lease of said property for a term of twenty-one years. Among other things, the lease provided as follows: " The party of the second part (the lessee) agrees to keep the premises in good order and repair during said term, at its own cost and expense." Between the 15th and 20th of November, 1906, the plaintiff-appellant herein performed certain work and furnished material for said Everett House Company, in connection with the repair of an elevator on said premises, at the agreed price and of the reasonable value of $227.32. It is conceded that the repairs in question were necessary to the proper working of the elevator, and no claim is made that

* See 56 Misc. Rep. 565.

they were not properly done. The defendants deny that the repairs were made with their consent as owners, or otherwise, or that they derived any pecuniary benefit therefrom, or that the property was enhanced in value thereby. The plaintiff claims that it should be inferred that the value of the property was enhanced to the extent of the repairs and that the defendants derived a benefit therefrom equal to the value of the repairs. No testimony was introduced upon this point. The claim for said repairs was not paid by the Everett House Company and the plaintiff filed a mechanic's lien against the property on the 29th day of December, 1906. The plaintiff brought this action demanding judgment: *First,* that, on December 29, 1906, it acquired a valid lien upon the interest of the defendants in the said premises; *Second,* that there is now due to the plaintiff from the defendants the sum of $227.32, with interest from the 20th day of November, 1906, and costs. The court below gave judgment for the defendants, and the plaintiff appealed. The plaintiff asserts that the facts bring the claim for the repairs within the provisions of section 3 of the Mechanics' Lien Law, and entitles it to the judgment demanded. Section 3 reads as follows: "A contractor or * * * material man, who performs labor or furnishes materials for the improvement of real property, with the consent, or at the request of the owner thereof * * * shall have a lien for the principal and interest of the value, or the agreed price, of such labor and materials upon the real property improved * * * from the time of filing a notice of such lien as prescribed in this article." No formal request was made by the defendants for the repair of the elevator, nor any formal consent obtained from them. It does not appear that the defendants had any notice or knowledge of the repairs until they were completed. It is the contention of the plaintiff that, from the covenant of the lessee " to keep the premises in good order and repair during said term," arises an implied consent by the owners of said premises, the defendants herein, that meets the requirements of section 3 of the Lien Law. The proposition of the appellant is that the customary agreement in a lcase that the tenant should

keep the demised premises in ",repair" at his own expense constitutes a statutory "consent" of the landlord to such repairs, under the Mechanics' Lien Law, and is sufficient to make the labor and materials necessary for said repairs the basis of a mechanic's lien upon the property, although the owners do not request the work and have no notice or knowledge from which consent can be inferred or implied. We cannot indorse this proposition. We think the statute requires either that the particular repairs be specifically provided for in the lease, or that the owner shall expressly consent to or request the particular repairs made, or that, with a knowledge of the employment and its purposes, he acquiesces therein. Berger Mfg. Co. v. Zabriskie, 75 N. Y. Supp. 1038. Tinsley v. Smith, 115 App. Div. 708, is not an authority in support of the appellant's contention. The repairs there were such as the landlord required the tenant to make by the provision in the lease. While that case holds that consent may be evidenced by a covenant by the tenant to repair, it is limited to alterations (or work) specified in the covenant. A general covenant by the tenant to repair does not constitute the "consent" on the part of the landlord required by the Lien Law. In Spruck v. McRoberts, 139 N. Y. 197, we find the following· "The statute which gives to a contractor, mechanic or material man a lien upon the lands of another, created a remedy in such cases which was unknown to the common law, and while it must receive a liberal construction to secure the beneficial purposes which the legislature had in view, it cannot be extended to a state of facts not fairly within its general scope and purview." The obligation to make repairs would have been upon the lessee had the lease remained silent on the question of repairs. The presence of the covenant was not notice to the owner of the repairs in question and the owner's consent to the specific repairs within the meaning of the statute cannot be implied therefrom. An opposite construction would, we believe, extend the remedy beyond the general scope intended. A provision similar to the covenant under consideration here has been in common use ever since the enactment of the Mechanics' Lien Law, and we cannot find that

Supreme Court, Appellate Term, February, 1908. [Vol. 57.

it has ever been held to constitute the necessary consent upon which to base the landlord's liability. To hold otherwise would establish a dangerous and unwarranted precedent that might result in great hardship to landlords.

The motion for a reargument or leave to appeal must be denied.

LEVENTRITT and ERLANGER, JJ., concur.

Motion denied.